## THE STATE V. JOHN FOSTER.

The 392d article of the Penal Code declares the punishment for fornication. But articles 293, 294, and 295 are confined to adultery alone; and fornication is nowhere defined in the code. (Paschal's Dig., Arts. 2022–2025.)

No person can be punished unless the offense is defined and the penalty affixed by the written law of the State. (Paschal's Dig., Art. 1605.)

APPEAL from Cameron. The case was tried before Hon. ELISHA BASSE, one of the district judges.

On the 31st of March, 1868, the appellee was indicted in the district court of Cameron county for fornication.

On the 4th of April the defendant filed a motion to quash the indictment, upon the ground that it did not charge the defendant with an offense known to the law.

The court sustained the motion and quashed the indictment, and the state appealed; and the single question determined was, did the court err in quashing the bill?

*E. B. Turner, Attorney General,* for the state.—Adultery is defined by law. (Paschal's Dig., Art. 2024.) Article 2023 provides that persons guilty of adultery or fornication shall be punished, &c. But for articles 1603 and 1605 there would be no doubt, but I do not feel it my duty to urge the reversal of the judgment of the court below.

*Israel B. Bigelow,* for appellee, cited the same articles, and insisted that the offense is not defined in the code.

LINDSAY, J.—An indictment for simple fornication does

not lie under the Penal Code of Texas. The code pre-scribes that every offense must be defined before it is pun-ishable under the penal laws of the state. A mixed offense of adultery and fornication is defined by the statute, for which each of the parties may be held amenable to the law, and receive the infliction of its penalties. But the definition of this mixed offense is, that the parties must live together in a state of cohabitation. The several pro-visions of the statute show clearly that the living together in such a state was the specific offense designed to be pun-ished. This is the offense defined as adultery by the statute. The moral offense of fornication is not defined by the code. And it is declared by the code, in Paschal's Digest, article 1605, "no person shall be punished for any act or omission, as a penal offense, unless the same is expressly defined," &c. Therefore the indictment, which was for simple fornication, was properly quashed by the court, and the judgment is

AFFIRMED.