## B. RICHARDSON AND ANOTHER v. THE STATE.

Sexual intercourse, as often even as half a dozen times, between a male and a female, one of them being married to another, is not sufficient under our statute to constitute the offense of adultery, when the parties do not live together, and the intercourse is only occasional and clandestine.

APPEAL from Walker. Tried below before the Hon. J. R. Burnett.

There is no occasion for a statement of the facts.

*Abercrombie & Banton*, and *L. B. Hightower*, for the appellants.

*Wm. Alexander, Attorney-General*, for the State.

WALKER, J. If we were left to our understanding of what is defined to be adultery in holy writ, we should probably hold the indictment in this case to be good, and the prosecution to be made out under it.

But when we refer to our statutes, we confess our inability to understand what is really meant by Sections 2022, '3, '4, '5, '6, Paschal's Digest. Section 2022 says, "every man and woman who shall live together in adultery, or fornication, shall be punished by fine not less than one hundred dollars, nor more than one thousand dollars." In The State v. Foster, 31 Texas, 578, this court decided that the crime of fornication was not defined in our penal code.

We must now examine the other branch of the subject, and see whether adultery be so defined as to be punishable under

our law. According to the Bible, living in adultery without living *together* is denounced; but, under our law, the parties must live together to make out the crime of adultery under Article 2022. It is true, the following article provides that in trials for adultery, it shall be sufficient to prove that the parties cohabit together, and that one of them is married to some other person.

Webster defines "cohabit," "to dwell with," "to inhabit," or "reside in company or in the same place or country." To cohabit together, then, may be the most innocent condition of life, and such proof may fall totally short of fixing any crime whatever upon the parties.

But let us go to Article 2024. This article provides that where two persons live together in a state of cohabitation, one of them being married, they shall both be regarded as guilty of adultery. This is utterly untrue as a matter of fact, and if it were true would brand half the innocent families of the country with the crime of adultery.

Now let us consider Section 2025. This section reads thus: "A single act of adultery is not sufficient to bring the offense "within the meaning of this chapter, unless proof be made, that "the parties live together."

Taking all these four sections together, the crime of adultery is not made out in this case. The evidence shows facts from which it may well be inferred that the appellants had carnal intercourse with each other as many as half a dozen times, and that the woman was married and had a husband living; but they did not live together in any legal sense; the visits of the man to his mistress were occasional and stolen.

We feel it our duty to suggest in this opinion that the sooner the law, which attempts to define the crimes of fornication and adultery, can undergo legislative revision, the better.

The judgment of the District Court in this case is reversed, and the cause dismissed.

Reversed and dismissed.