## W. A. PARKS v. THE STATE.

1. ADULTERY. — The Penal Code defines what acts shall constitute the offense of adultery, and indicates what proof will justify a conviction therefor, as well as the penalty incurred by those convicted. This court dissents from the intimations to the contrary in *Richardson* v. *The State*, 37 Texas, 346.

2. SAME. — See the opinion in this case for the construction of the phrases "living in adultery," and "live together in a state of cohabitation," contained in the provisions of the Penal Code defining the offense of adultery.

3. SAME. — A single act of adulterous intercourse, without cohabitation, cannot constitute a "living together in adultery;" but, on the other hand, it is not necessary that the parties should reside together, or should have their board, lodging, and washing in common.

4. SAME. — This court reiterates the opinion intimated in the case of *Swancoat* v. *The State*, *ante*, p. 105, to the effect that repeated acts of adulterous intercourse, though at different appointed places, might constitute the offense of living together in adultery.

5. SAME. — The case of *Richardson* v. *The State*, 37 Texas, 346, criticised, and its implications disapproved.

APPEAL from the County Court of Ellis. Tried below before the Hon. J. D. TEMPLETON, County Judge.

The evidence shows that the appellant, though a married man, was often seen at the house of Jennie Foreman, near Ennis, in the county of Ellis, and that she was reputed to be a prostitute and the keeper of a house of prostitution. Two witnesses saw him there on different occasions, at such hours and under such circumstances as satisfied the jury of the illicit relation subsisting between them.

The jury found the appellant guilty, and assessed against him a fine of $100.

A former appeal of this case is reported in 3 Texas Ct. App. 337.

*A. A. Kemble*, for the appellant.

*W. B. Dunham*, for the State.

WINKLER, J.   Counsel for appellant, in his brief, thus states the controversy between the State and the appellant: "The State maintains by the form of the charge in the indictment, and by the instructions given to the jury, that frequent acts of carnal intercourse make out the crime [adultery] without the fact of living together; while the defendant maintains, by his exceptions to the indictment, by his charges asked, and by his motions for new trial and in arrest of judgment, that in order to make out the offense the parties must *live together* in some legal sense." And the counsel concludes: "Without argument or comment, we present with confidence, and rely upon the following authorities in addition to the statute;" and cites the following cases in support of his position: *The State* v. *Foster*, 31 Texas, 578; *Richardson* v. *The State*, 34 Texas, 142; *Richardson* v. *The State*, 37 Texas, 346.

These cases will be briefly noticed.   In Foster's case the indictment was for fornication.   The attorney-general, in his brief presentation of the case, says:  " But for articles 1603 and 1605 there would be no doubt; but I do not feel it my duty to urge the reversal of the judgment of the court below."   The opinion of the court, after noticing certain provisions of the Code, concludes as follows:  " The several provisions of the statute show clearly that living together in such a state was the specific offense designed to be punished.   This is the offense defined as adultery by the statute.   The moral offense of fornication is not defined by the Code.   And it is declared by the Code, in Paschal's Digest, article 1605, ' No person shall be punished for any act or omission as a penal offense unless the same is expressly defined,' etc.   Therefore the indictment, which was for simple fornication, was properly quashed by the court, and the judgment is affirmed."

If this case has any bearing on the one at bar, it is that whilst the offense of *fornication* is not defined by statute,

the offense of *adultery* is.  Whether the interpretation given
to the statute was correct or not, is not now the question ;
and whatever may have been said as to the latter offense
was a mere *dictum* of the court — the matter before it being
a question as to the sufficiency of an indictment for fornica-
tion.   Hence that case cannot be invoked as authority upon
which this must be decided.

In Richardson's case, 34 Texas, 142, the whole opinion
is as follows :  " For a married man and a colored woman,
not his wife, to live together in the same room in the same
house, where there was but one bed in the room, and no
other attendant except a small child, and thus to live for a
series of months, is strong evidence that the parties are liv-
ing in adultery.   The offense was sufficiently made out, we
think, to justify the jury in their finding.   The judgment
is affirmed.''   From this opinion we do not dissent, but
what comfort this appellant derives from it we are unable
to see, except that the court there sustained a' conviction
for living in adultery, and without proof, other than cir-
cumstantial, of actual carnal communication between the
parties.

In the other Richardson's case, in 37 Texas, the learned
judge was the same who delivered the opinion affirming the
judgment in the Richardson case in 34 Texas.   In the case
in 37 Texas he confesses an entire inability to understand
the several articles of the Code, and in one of the conclud-
ing paragraphs says :  " We feel it our duty to suggest, in
this opinion, that the sooner the law which attempts to de-
fine the crimes of fornication and adultery can undergo leg-
islative revision the better.''   We venture one other
quotation from this opinion, and which seems to be the
foundation for the views contended for in the brief of ap-
pellant in the case under consideration :   " The evidence
shows facts from which it may well be inferred that the
appellants had carnal intercourse with each other as many

as half a dozen times, and that the woman was married and had a husband living, but they did not live together in any legal sense ; the visits of the man to his mistress were occasional and stolen.'' From the idea advanced in this quotation we dissent *in toto*, as not being a correct construction of the statutes on the subject, or as to proof sufficient to warrant a conviction.

It is not indispensable that the statute should do more than to indicate what acts will constitute the offense of living in adultery, and the proof necessary to sustain the charge and fix the punishment ; and these have all been declared by the Code (see *Swancoat* v. *The State*, decided by this court at the present term, *ante*, p. 105 ; also, 3 Archb. Cr. Pr. & Pl. 615). The Code has defined what acts will constitute the offense, what proof will justify a conviction, and the punishment to be imposed upon those who commit it. See articles 392–395 of the Penal Code (Pasc. Dig., arts. 2022–2025).

It was not necessary to define the meaning of the word ; what is meant by the expression '' living in adultery,'' it would seem, is too plain to need explanation. It means the state of living of the parties described or set out in the Code, and necessarily involves the idea of unlawful carnal intercourse. What is meant by the expression '' live together in a state of cohabitation,'' as found in article 394, is not perhaps so clear. Mr. Burrill derives and defines the old English law word ''*habitum*,'' from which comes, doubtless, our word '' cohabit.'' He derives it from *con* and *habitum*, to dwell or be often with, and gives to the word a seemingly double signification, which he sets out as '' to live with, or together, as husband and wife ; to be often with or together, to cohabit.''

Whether '' to be often with, or often together,'' is a proper definition of the word '' cohabit '' or not, we are of opinion that when applied to the offense of living in adultery, it

cannot be held as synonymous with living together; else the meaning of the expression "live together in a state of cohabitation" would be difficult to understand. A "state of cohabitation" evidently signifies something different from simply living together as man and wife, which is not unlawful.

It is equally clear that one act of illicit connection would not constitute a living together in adultery or a state of cohabitation, for the reason that it is expressly provided in article 395 of the Code (Pasc. Dig., art. 2025) that a single act of adultery will not constitute the offense unless on proof being made that the parties live together. Yet when two persons live together in a state of cohabitation, one of them being married to some other person, both would be guilty of the crime, though only one of them be married at the time of living together in a state of cohabitation.

In *Swancoat* v. *The State* we held that persons might violate the law without living together in the same house permanently, and in that case we ventured the opinion that " whilst one such interview would not, that repeated adulterous meetings at any given place, or even at different places — as, for instance, at houses of assignation — would perhaps be such a cohabiting as would constitute the offense of adultery;" which opinion we now believe to be correct, as between parties standing in the relation mentioned in the statute.

The charging portion of the indictment in this case is as follows: " That one W. A. Parks, late of said county, on the first day of September, in the year of our Lord one thousand eight hundred and seventy-five, and on divers other days, both before and after that date, with force and arms, in the county of Ellis, in the state of Texas, did live in a state of adultery with one Jennie Foreman, and did then and there cohabit with, and have carnal knowledge of the body of, the said Jennie Foreman at divers times on the

days and dates aforesaid — he, the said W. A. Parks, being then and there lawfully married to one Onie Smith, who was still living and not divorced from the said W. A. Parks; all of which facts were then and there well known to the said W. A. Parks; contrary," etc.

The exceptions taken to the indictment are:

" 1. That it does not charge any offense against the laws of the state of Texas.

" 2. It does not charge that the parties named lived together in a state of adultery.

" 3. The indictment does not charge that the parties lived together in a state of cohabitation.

" 4. The parties are not charged with living together at all; and to live together is one of the necessary ingredients of adultery under the statute."

It is alleged that the court erred in overruling the defendant's exceptions to the indictment, and that there is not on the face of the indictment any sufficient charge of an offense against the laws of this state.

We are of the opinion that none of these exceptions are well taken. The indictment meets every requirement of the law necessary to describe the offense charged, and the court did not err, either in overruling the exceptions or in refusing to grant the motion in arrest of judgment.

The charge of the court properly instructed the jury as to the law of the case, being substantially the law as hereinbefore stated; and the court did not err in refusing the charges asked, for the reason that such as were applicable had already been given, and the remainder did not correctly state the law.

The following portion of the charge seems to be in conflict with the theory of counsel for the appellant, and which we quote as correct:

" The law does not mean that the parties actually reside together — that is, board, lodge, and have their washing

together in common — to make their acts of illicit intercourse with each other that of adultery ; but their frequent acts of illicit intercourse with each other, one of them being married to some other person, is the crime the law intends should be punished.  If you believe from the evidence that the acts and conduct of the defendant, W. A. Parks, with Jennie Foreman were such as to induce you to believe beyond a reasonable doubt that he did cohabit and frequently have carnal intercourse with the said Jennie Foreman, and that at the time he, the defendant, was married to another person, you should find him guilty, and assess a fine against him of any sum not less than one hundred nor more than one thousand dollars.  If you believe from the evidence that the defendant is not guilty, you will so say, and no more.''

The evidence was sufficient to warrant the jury in believing the accused guilty of the charge, and the court did not err in refusing a new trial.  The trial seems to have been fair and impartial, and conducted with ability and skill on both sides.  We find no error in the judgment, and it is affirmed.

*Affirmed.*