6   195|
86t 262|

### W. C. WOLFF AND DONEY BOZARK v. THE STATE.

1. FORNICATION is, as yet, no offence against the laws of this State. Art. 2022, Paschal's Digest, mentions, but fails to define it.

2. FORNICATORS, however, will do well to note that it is defined and made penal by the Revised Code, which takes effect October 1, 1879.

APPEAL from the County Court of Dallas. Tried below before the Hon. R. H. WEST, County Judge.

No brief for the appellants.

*Thomas Ball*, Assistant Attorney-General, for the State.

WHITE, J. The indictment in the case charges that the appellants did unlawfully live together in a state of fornication, both being then and there unmarried. It has been held, time and again, that fornication, not having been expressly defined, is not an offence against the laws of this State. Pasc. Dig., arts. 1603, 1605; *The State* v. *Foster,* 31 Texas, 578; *The State* v. *Smith*, 32 Texas, 167; *The State* v. *Rahl*, 33 Texas, 76. The only mention made of such an offence in our Penal Code is in art. 2022, Paschal's Digest, which reads thus: "Every man and woman who shall live together in adultery or fornication shall be punished by fine not less than one hundred nor more than one thousand dollars." This does not define fornication. In the new Code recently adopted by the Legislature, but which has not yet gone into effect, we find that this omission has been recognized and supplied, and the offence expressly

defined, in art. 337, as follows: " Fornication is the living together, and carnal intercourse with each other without living together, of a man and woman, both being un-married."

Because at the time the alleged offence is charged to have been committed there was no such offence known to our laws, the court erred in overruling the motion to quash and the motion to arrest the judgment. Wherefore the judgment below is reversed, and the prosecution dismissed.

*Reversed and dismissed.*