254 P.2d 1023

STATE v. POTTS.

No. 1029.

Supreme Court of Arizona.

March 23, 1953.

Mangum & Flick, of Flagstaff, for appellant.

Melvyn T. Shelley, County Atty., and Guy Axline, Deputy County Atty., Navajo County, Holbrook, Fred O. Wilson, Atty. Gen., and Chas. Rogers, Asst. Atty. Gen., for appellee.

PHELPS, Justice.

The defendant was convicted of the crime against nature upon two counts. In both counts the act is alleged to have been committed by the penetration of the mouth of another human being by the male organ.

The jury found the defendant not guilty of lesser offenses set forth in separate counts under section 43–407, A.C.A.1939, embracing the identical acts.

The statute under which these charges were brought is section 43–406, A.C.A.1939, as amended by chapter 134, Session Laws of 1951, which reads as follows:

> "Any person who commits the infamous crime against nature, with mankind or with an animal, shall upon conviction thereof be punished by imprisonment in the state prison not less than five nor more than twenty years."

Defendant in appealing from the judgment and sentence of conviction and the orders denying his motion for a new trial and in arrest of judgment, assigns a number of errors. However, we will limit our consideration to assignment No. 3 to the effect that counts IX and XI upon which defendant was convicted, do not charge a crime or crimes under the law above quoted.

However much we dislike to agree with this contention, there is no escape. The same question was before this court under a statute identical in substance to section 43–406 as amended, supra, in the case of Weaver v. Territory, 14 Ariz. 268, 127 P. 724. In that case as in this the penetration of the male organ was in the mouth of a human being. Justice Ross, speaking for the court, pointed out that our statute was taken word for word from

California and that California had held that sodomy was not committed when the act was in the mouth. People v. Boyle, 116 Cal. 658, 48 P. 800.

In the case of State v. Johnson, 44 Utah 18, 137 P. 632, cited by defendant the supreme court of Utah had the same fact situation before it as we have here, under a statute identical with ours, and the court said:

"* * * The only important question presented by the appeal and necessary to be considered is whether or not the infamous crime against nature can be committed by one male person upon another with the mouth.

"The statutes of this state do not designate or mention any particular act or acts constituting the crime; therefore, in determining whether or not the acts charged constituted a crime, we, under Comp.Laws, 1907, § 2488 (which is in substance the same as section 1–106, A.C.A.1939), must look to and be governed by the common-law definition. * * *

"At common law 'sodomy' and the term 'infamous crime against nature' meant the same thing and were used interchangeably. In 4 Blackstone's Commentaries, 215, the author refers to and characterizes sodomy as the infamous crime against nature. * * *"

The common law definition thereof according to 1 Wharton's Criminal Law (11th Ed.), section 754, is as follows:

"Sodomy proper is the carnal copulation of human beings in other than the natural manner; that is against nature and per anum."

According to the above definition it is clear that the term "crime against nature" as charged in the information, or the "infamous crime against nature" as it is designated in the amended act can only be committed per anum. This being true counts IX and XI of the information upon which the convictions were based do not charge a public offense and the trial court erred in entering its order denying defendant's motion in arrest of judgment.

Let us observe that prior to the amendment of 1951, section 43–406, A.C.A.1939, clearly designated the particular act or acts constituting "infamous crime against nature" to include penetration of the mouth by the male organ. The amendment entirely deleted the acts constituting the crime, thus requiring us to resort to the common-law definition of such offense.

Judgment reversed.

STANFORD, C. J., and LA PRADE, UDALL and WINDES, JJ., concur.