## Trattner *v.* State of Indiana.

### [No. 23,008.   Filed June 29, 1916.]

Criminal Law.—*Improvident Plea of Guilty.*—*Relief.*—*Writ of Coram Nobis.*—That an improvident plea of guilty has been unjustly procured from one accused of crime could not form the basis of a motion for a new trial, since it is not among the causes therefor enumerated in the statute (§2158 Burns 1914, Acts 1905 p. 584), the proper remedy to secure relief, under such circumstances, being a proceeding in the nature of a writ of *coram nobis.*

From Marion Criminal Court (44,770); *James A. Collins,* Judge.

Prosecution by the State of Indiana against Jack Trattner. From a judgment of conviction, the defendant appeals. *Affirmed.*

*William E. Reiley,* for appellant.
*Evan B. Stotsenburg,* Attorney-General, *Omer S. Jackson* and *Wilbur T. Gruber,* for the State.

Cox, C. J.—Appellant was charged with grand larceny by indictment returned October 6, 1915. On the day following the return of the indictment, being represented by counsel with whom he had consulted, he was arraigned and pleaded guilty. He was fined, disfranchised and sentenced to imprisonment for a term of from one to eight years. On October 20, 1915, through other counsel he filed what he termed a motion for a new trial, which was duly overruled. This action of the lower court is assigned as error here. The basis for the motion for a new trial does not, and manifestly

could not, state any of the causes upon which such a motion may be founded under the statute which provides for new trials. §§2156, 2157, 2158 Burns 1914, Acts 1905 p. 646. There having been no trial, there could, of course, be no new trial. *Sanders* v. *State* (1882), 85 Ind. 318, 44 Am. Rep. 29.

The basis of the so-called motion for a new trial is a verified statement of certain facts upon which the trial court was asked to set aside and vacate the judgment pronounced against the appellant, to permit him to withdraw his plea of guilty and to plead not guilty, and to set the cause down for trial on the latter plea. It is settled that a motion for a new trial is not the proper avenue by which to secure relief from an improvident plea of guilty unjustly procured from one accused of crime. It is well settled that a proceeding in the nature of the ancient writ of *coram nobis* is the proper remedy. *Sanders* v. *State, supra; Dobosky* v. *State* (1915), 183 Ind. 488, 490, 109 N. E. 742, and cases cited. Were we to treat the motion in this case as such a proceeding, the facts upon which it is based fall far short of showing appellant entitled to the relief asked.

Judgment affirmed.

NOTE.—Reported in 113 N. E. 243. Nature and scope of writ of *coram nobis*, 18 L. R. A. 838, 12 Cyc 789. Plea of guilty, right to withdraw, 8 Ann. Cas. 237; Ann. Cas. 1912D 243.