PRITCHARD *v.* STATE OF INDIANA.

[No. 0-760. Filed September 29, 1965.]

---

*Ellsworth Pritchard, pro se.*

*John J. Dillon,* Attorney General and *Carl E. Van Dorn,* Assistant Attorney General, for respondent.

ACHOR, J.—Petitioner has filed *pro se* a "Petition for Writ of Certiorari" invoking this court's jurisdiction under Rule 2-40A and seeking to set aside the ruling of the Bartholomew Circuit Court which overruled petitioner's "Petition for Permission to File a Belated Motion for New Trial."

Petitioner asserts that the action of the Bartholomew Circuit Court in overruling such petition without requiring a response by the state or a further hearing thereon constitutes a denial of "due course of law" as guaranteed by the Indiana Constitution Article 1, §12 as well as a denial of "due process" and "equal

protection," as afforded by the Fourteenth Amendment to the United States Constitution.

Although the petition in the Bartholomew Circuit Court recited that the public defender was "unwilling or unable" to assist petitioner in these proceedings, petitioner, by failing to institute show cause proceedings against the public defender, as provided by Rule 2-40A, has failed to preserve any issue as to any refusal of representation by the public defender.[1]

In the original action petitioner was charged with the offense of robbery to which he entered a plea of guilty and judgment was rendered thereon. Basically, petitioner contends that his waiver of counsel prior to the entering of his plea of guilty was not knowingly and understandably entered because of (a) emotional stress at the time, and (b) ignorance of the law, and also because the Chief of Police urged him "to plead guilty and get it over with," and (c) because his arraignment was rushed before he fully comprehended the seriousness of the charges against him.

Petitioner's petition for a writ of certiorari to this court is without merit, for two reasons:

1. This court has held on numerous instances, without exception, that when a defendant pleads guilty in a criminal case and a judgment is rendered on the plea, *he cannot properly file a motion for new trial, as there never was a trial,* within the meaning of the statute, and such motion is ineffectual, the proper remedy being a motion to vacate the judgment and withdraw the plea. *Gale* v. *State* (1930), 201 Ind. 532, 168 N. E. 241; *Orr* v. *State* (1928), 200 Ind. 27, 161 N. E. 269; *Capps* v. *State*

---

1. Petitioner is charged with notice of the requirements and provisions of Rule 2-40A as he predicates this proceeding on said rule.

(1928), 200 Ind. 4, 161 N. E. 6; *Carr* v. *State* (1924), 194 Ind. 162, 142 N. E. 378; *Trattner* v. *State* (1916), 185 Ind. 188, 113 N. E. 243; *Jackson* v. *State* (1903), 161 Ihd. 36, 67 N. E. 690; *Meyers* v. *State* (1901), 156. Ind. 388, 59 N. E. 1052; *Ledgerwood* v. *State* (1893), 134 Ind. 81, 33 N. E. 631.

It logically follows that a belated motion for new trial is not an appropriate remedy for errors preceding a judgment rendered on a plea of guilty, since there never was a trial. Rather, under such circumstances the appropriate remedy would be a petition to set aside the judgment and plea of guilty.

Furthermore, petitioner is not entitled to the relief he seeks upon the merits of the issues alleged. The state in response to the petition has filed a transcript of the proceedings had at the time of petitioner's arraignment and they conclusively contradict the allegations asserted by the petitioner.

The petition for writ of certiorari is, therefore, denied.

Jackson C. J., Arterburn, Landis & Myers, JJ. concur.

NOTE.—Reported in 210 N. E. 2d 372.