**Charles O. COTNER, Petitioner-Appellant,**

v.

**Jerome HENRY, as Superintendent, Indiana State Reformatory, Respondent-Appellee.**

**No. 16601.**

United States Court of Appeals
Seventh Circuit.

April 17, 1968.

Rehearing Denied May 29, 1968.

Rehearing Denied May 29, 1968, en banc.

874

William C. Erbecker, Indianapolis, Ind., for appellant.

John J. Dillon, Douglas B. McFadden, Atty. Gen. of Indiana, Indianapolis, Ind., for appellee.

Before DUFFY, Senior Circuit Judge, and KILEY and FAIRCHILD, Circuit Judges.

KILEY, Circuit Judge.

This is an appeal from the district court's judgment dismissing Cotner's habeas corpus petition challenging the constitutionality of the Indiana Sodomy Statute under which he had been convicted. The court dismissed on the grounds that Cotner had not exhausted his state remedies and that his petition had no merit.

We reverse because we have concluded that Cotner has no adequate method for raising his constitutional argument under Indiana procedural rules and because we have also concluded that there is a substantial question as to the constitutionality of the Indiana Sodomy Statute as applied in this case which Cotner was not informed of prior to his plea of guilty, thereby rendering his plea of guilty void as not understandingly made.

Cotner pleaded guilty in the Jasper County, Indiana, Circuit Court in July, 1965, to his wife's charge that in May of 1965 he had committed "the abominable and detestable crime against nature" with her in violation of the Sodomy Statute.[1] He was sentenced to not less than two nor more than fourteen years in the state reformatory. The petition before us was filed in June, 1967.

*Inadequacy of State Remedies*

We think the district court erred in dismissing Cotner's petition for failure to exhaust his state remedies.

The petition challenges the Indiana Sodomy Act as being unconstitutionally vague, and an unwarranted invasion of marital privacy, under the Fourteenth Amendment. A state prisoner, to obtain habeas corpus relief, is required, under 28 U.S.C. § 2254, to exhaust available state remedies unless there is no "available State corrective process" or circumstances which make the process ineffective to protect his rights. If Cotner had the right under Indiana law to raise by "any available procedure" the point he urges here, he has not exhausted his state remedies and is not entitled to relief. Jones v. Dowd, 7 Cir., 128 F.2d 331.

The State argues that Cotner has not complied with Sec. 2254 because he did not present his constitutional challenge to the Indiana courts either by way of appeal, *coram nobis,* belated motion for new trial under Indiana Superior Court Rule 2–40, or motion to vacate the conviction and withdraw his plea of guilty. Cotner argues however that these reme-

---

1. BURNS' IND.STAT. Ch. 169 Sec. 10–4221: Whoever commits the abominable and detestable crime against nature with mankind or beast; or whoever entices, allures, instigates or aids any person under the age of twenty-one [21] years to commit masturbation or self-pollution, shall be deemed guilty of sodomy, and, on conviction, shall be fined not less than one hundred dollars [$100] nor more than one thousand dollars [$1,000] to which may be added imprisonment in the state prison not less than two [2] nor more than fourteen [14] years.

dies "are absolutely ineffective" for his purpose.

■■ Since Cotner pleaded guilty, he was in no position to appeal, Snow v., State, 245 Ind. 423, 199 N.E.2d 469, and *coram nobis* was abolished in Indiana in 1963 by amendment to Rule 2–40. Id. Since the conviction was upon the plea of guilty, "he cannot properly file a motion for new trial, as there never was a trial, within the meaning of the statute * * *." Pritchard v. Indiana, 210 N.E.2d 372, 373.

Despite ambiguous language in Koepke v. Hill, 157 Ind. 172, 60 N.E. 1039, 1041, the Supreme Court of Indiana in Dowd v. Grazer, 233 Ind. 68, 116 N.E.2d 108, held that habeas corpus is not available to a prisoner to test the constitutionality of a statute because a conviction, even on an unconstitutional statute, is merely erroneous and is not a jurisdictional defect.

■ There remains the suggested remedy of motion to vacate the judgment and withdraw the plea. But the Supreme Court of Indiana holds that this motion must be made within the term at which the plea is entered. Snow v. State, 245 Ind. 423, 199 N.E.2d 469, 471; Sessler v. State, 222 Ind. 608, 56 N.E.2d 851; Kuhn v. State, 222 Ind. 179, 52 N.E.2d 491. The term at which Cotner's plea was entered has ended.

■ Indiana argues that Cotner should be precluded now from claiming he has exhausted his Indiana remedies because he has made no attempt to seek post-conviction relief in the Indiana courts. It is possible that, despite the present state of Indiana law, had Cotner sought relief in Indiana he would have been permitted to challenge his convic-

tion in the manner that he does in this habeas corpus petition. We think, however, that we must base our decision upon the law as it stands today, rather than on conjecture about future changes in that law.

### Constitutional Questions

■ Cotner attacks the Indiana Sodomy Statute on the ground that it violates Article I, Sec. 12 of the Indiana Constitution, and the Fourteenth Amendment of the United States Constitution, because it is vague and because, as applied, it violates his right of privacy under the Supreme Court decision in Griswold v. State of Connecticut, 381 U.S. 479, 85 S.Ct. 1678, 14 L.Ed.2d 510.[2] In *Griswold* the Supreme Court recognized a constitutional right to marital privacy and held that the right is violated by the imposition of criminal sanctions for the use of birth control devices by married couples. The import of the *Griswold* decision is that private, consensual, marital relations are protected from regulation by the state through the use of a criminal penalty.[3]

■ No appellate court in Indiana has had the opportunity to interpret the Indiana Sodomy Statute in light of its potential application to the privacy of married couples. Under *Griswold* Indiana courts could not interpret the statute constitutionally as making private consensual physical relations between married persons a crime absent a clear showing that the state had an interest in preventing such relations, which outweighed the constitutional right to marital privacy. The Indiana courts might, however, construe the statute as being inapplicable to married couples or as outlawing such physical relations be-

---

2. We think that Cotner has standing to complain about Indiana's intrusion into the privacy of Cotner's marriage relation, even though his wife has made the complaint against him. It is essential to the preservation of the right of privacy that a husband have standing to protect the marital bedroom against unlawful intrusion.

3. The American Law Institute Model Penal Code adopts the view that consensual private sexual conduct between adults should not ordinarily be subject to criminal sanction. Illinois, as well as many other states, has adopted this approach, although Indiana has not as yet joined the trend.

tween married couples only when accomplished by force. Under the latter interpretation, the protection of the *Griswold* rule would not be available to Cotner if there was a showing that Cotner employed force.

■ Cotner was charged by his wife, in an affidavit, with the commission of an act of sodomy. The affidavit contained no charge that he used force. He was prosecuted under a statute which prohibits sodomy but which does not explicitly mention force and which no Indiana court has construed as requiring force when applied to married couples in the privacy of the bedroom. The circumstances revealed by the present record show that Cotner was not given adequate notice of any allegation, or any need of an allegation, of force, or of a defense of consent. The charge was merely read to him.

He was allowed to waive his right to counsel and to plead guilty without being informed that there was a substantial question later revealed by *Griswold,* whether certain acts by married people with mutual consent can constitutionally be prohibited by the state.

Because of these circumstances, Cotner's conviction must be vacated as based on a plea of guilty which was not made with a full understanding of the charge against him.

The decision of the district court is reversed and the cause is remanded with instructions to grant the writ and order that Cotner be released from custody unless the state proceeds with prosecution of its charge within a reasonable time. This procedure could, if prosecution, conviction and appeal followed, give the Indiana courts an opportunity to resolve the substantial constitutional questions which may be involved in Cotner's case.

Judgment reversed and cause remanded with directions.

DUFFY, Senior Circuit Judge (dissenting).

I respectfully dissent. Cotner did have the opportunity to withdraw his plea of guilty and move that the judgment be vacated within the term at which the plea was entered. He failed to exercise that remedy. Faced with a similar problem, the Fourth Circuit, in Whitley v. Steiner, 293 F.2d 895, 898, 899 (1961), stated: " * * * Where a state prisoner, asserting a denial of constitutional rights in connection with his conviction, has a remedy in the state court but fails to avail himself of it, and later finds himself without a state remedy, he may not have redress through federal habeas corpus." See also Brown v. Allen, 344 U.S. 443, 482–487, 73 S.Ct. 397, 97 L.Ed. 469 (1953).

To grant Cotner relief as the majority opinion does, would seem to assert that federal courts have broad supervisory powers over the manner in which state courts handle criminal prosecutions for violations of state laws. I disagree.

In Koepke v. Hill, 157 Ind. 172, 60 N.E. 1039, 1041, an Indiana case, the court said: "If a federal question were duly presented, we would be constrained to follow the decisions of the Supreme Court of the United States." But Cotner never gave the Indiana courts any opportunity to pass on the issue.

The majority opinion concedes that it is possible that if Cotner had sought relief in the Indiana courts, he would have been permitted to challenge his conviction in the manner in which he does in the instant habeas corpus petition.

The majority opinion injects the idea that the state should have shown that Cotner used force. I think such a theory is entirely unwarranted.

I take it that if Cotner had shot his wife in the privacy of their bedroom, the majority of the panel which heard this appeal would not proclaim that there is a difference between a crime committed in the bedroom and otherwise. I take it that in such a case there would be no claim of " * * * an unwarranted invasion of marital privacy under the Fourteenth Amendment." I also assume

that under such circumstances there would be no claim that Cotner's conduct could not be questioned because, as the majority states "it is essential to the preservation of the right of privacy that a husband have standing to protect the marital bedroom aginst unlawful intrusion."

I would affirm the District Court.