**Donald H. PALMER, Petitioner,**

v.

**Ward LANE, Warden of Indiana State Prison, Respondent.**

**Civ. No. 4249.**

United States District Court
N. D. Indiana,
South Bend Division.

Feb. 14, 1969.

Donald H. Palmer, petitioner, pro se.

Richard Bennett and John F. Davis, Deputy Attys. Gen. of State of Indiana, for respondent.

## MEMORANDUM

GRANT, Chief Judge.

This Petition for Writ of Habeas Corpus was ordered filed on August 26, 1968. Petitioner alleges therein that he was sentenced in 1960 to a term of two-to-fourteen years following his plea of guilty to a sodomy charge. Excluding a brief period of probation, Palmer has been incarcerated in the Indiana State Prison since August 26, 1960. The Constitutional infirmities claimed to have infected this guilty plea are two. First, Petitioner says that at the time of his arraignment and guilty plea he was a pauper, desirous of counsel, and so informed the trial court, but the presiding judge never told him of his right to court appointed counsel. Second, it is alleged that the trial judge never corrected Palmer's mistaken impression that he was required to plead guilty at his arraignment because he had earlier signed a paper admitting his guilt on the sodomy charge. These Constitutional matters, and hence the nullity of the guilty plea, are claimed to appear on the record of the proceeding being attacked.

On February 4, 1969, the Respondent filed a Motion to Dismiss on the ground that Palmer has failed to exhaust available state remedies as required by 28 U.S.C. § 2254. Following a hearing in this matter and upon review of the available precedents, we are of the opinion that the Motion to Dismiss should be granted.

In deciding this Motion, we have been presented with a very close legal question, viz., the vitality of Cotner v. Henry, 394 F.2d 873 (7th Cir. 1968) subsequent to the Indiana Supreme Court's decision in Hathaway v. State, 241 N.E. 2d 240 (Ind. 1968).

Cotner v. Henry held that a federal habeas corpus petitioner will be deemed to have exhausted available state remedies under 28 U.S.C. § 2254 if he was convicted in an Indiana court after entering a plea of guilty, provided that his petition is filed after the expiration of the term of the sentencing court. The reason for this rule is that the only post conviction remedy available to one who has entered a plea of guilty in an Indiana court is a motion to vacate the judgment and withdraw the guilty plea. Such motion, however, must be made within the term at which the guilty plea was entered. Snow v. State, 245 Ind. 423, 199 N.E.2d 469 (1964).

After first disposing of the exhaustion issue, the Court, in Cotner v. Henry, went on to reverse the district court's dismissal of the habeas corpus petition and ordered the entry of an alternative writ on the ground that the record of Cotner's arraignment showed that he was not adequately advised of the charge against him. Thus, as a matter of procedure, Palmer presents us with an almost identical case, viz., a guilty plea in an Indiana court, the filing of a federal habeas corpus petition after the expiration of the term at which the guilty plea was entered, and claimed defects of Constitutional dimensions apparent from the record.

Respondent argues that Palmer will be heard in the Indiana courts because those courts will not be bound by procedural irregularities if a petitioner can show, by the record, a clear violation of his constitutional rights.

The genesis of this rule appears to be Snow v. State, supra, where it was said, at 199 N.E.2d page 471:

> If the accused's constitutional rights have been clearly violated as shown by the record, the court will not be bound by procedural irregularities.

Thus, it is concluded, Palmer has not exhausted state remedies.

The difficulty with this position is that the *Cotner* Court relied heavily on Snow v. State in ordering the issuance of the alternative writ despite the fact that Charles Cotner fell squarely within rule of Snow v. State, quoted above. We are forced to conclude that the only explanation for this is simply that the Court in *Cotner* regarded this quotation from Snow v. State as mere dictum, lacking in practical application, and

thus, in the tradition of the common law, felt no obligation to be bound by it. Absent any further development of Indiana law, we would reach the same conclusion and feel constrained to follow Cotner v. Henry.

We note, however, that the Indiana Supreme Court in Hathaway v. State, supra, transformed the dictum of Snow v. State into an actual holding. There, the Indiana Supreme Court considered, on the merits, a motion to vacate judgment and withdraw a guilty plea, even though Hathaway had entered the guilty plea in 1954.

We hold that Palmer has alleged violations of his constitutional rights which appear of record. See Tobin v. United States, 402 F.2d 307 (7th Cir. 1968) and Keene v. Holman, 232 F.Supp. 359 (M. D.Ala.1964). Under the holding of Hathaway v. State the Indiana courts will hear his complaint. Therefore, he has not met the exhaustion requirements imposed by 28 U.S.C. § 2254 and the Respondent's Motion to Dismiss for that reason must be granted.