Alvin Leon **BUCHANAN** et al.,

v.

Charles **BATCHELOR**, Chief of Police et al.

Civ. A. No. 3–3179–B.

United States District Court,
N. D. Texas,
Dallas Division.

Jan. 21, 1970.

**730**

Henry J. McCluskey, Jr., Dallas, Tex., George Schatzki, Austin, Tex., for plaintiffs.

Henry Wade, Dist. Atty., John B. Tolle, Thomas B. Thorpe, Asst. Dist. Attys., Dallas, Tex., Crawford C. Martin, Atty. Gen., Bennie Bock, II, Asst. Atty. Gen., Austin, Tex., for defendants.

Before GOLDBERG, Circuit Judge, and HUGHES and TAYLOR, District Judges.

HUGHES, District Judge.

This case involves the constitutionality of Article 524 of the Vernon's Ann. Texas Penal Code defining the offense of "Sodomy."

Plaintiff, Alvin Leon Buchanan, a confessed homosexual, had twice been arrested and charged under Article 524 of the Texas Penal Code for acts of sodomy with another male in public restrooms in Dallas, Texas. He requested the designation of a three-judge court and prayed (1) for preliminary and permanent injunctions against prosecution of the two cases in which he had been charged and against harassment by the police, (2) for a declaratory judgment on the constitutionality of Article 524 and (3) other equitable relief.

At a pretrial conference, that part of plaintiff's complaint relating to prosecutions pending in Dallas County, Texas, was dismissed. The portion alleging police harassment was severed and retained for consideration by a single judge of this court.

Suit was filed by Buchanan on May 26, 1969. Thereafter Michael Craig Gibson, et ux, Jannet S. Gibson were granted leave to intervene. They alleged that Buchanan did not fairly and adequately protect the interest of married persons who fear future prosecution for the commission of private acts described as sodomy. Likewise Travis Lee Strickland was granted leave to intervene. He claimed that Buchanan did not protect the interest of homosexuals who do not commit acts of sodomy in public places but fear future prosecution because of acts of sodomy committed in private. All intervenors adopted the allegations of Buchanan as were applicable and sued for themselves and others similarly situated.

Article 524 of the Texas Penal Code reads as follows:

"Sodomy

Whoever has carnal copulation with a beast, or in an opening of the body, except sexual parts, with another human being, or whoever shall use his mouth on the sexual parts of another human being for the purpose of having carnal copulation or who shall voluntarily permit the use of his own sexual parts in a lewd or lascivious manner by any minor, shall be guilty of sodomy, and upon conviction thereof shall be confined in the penitentiary not less than two (2) nor more than fifteen (15) years."

The first question to be determined is whether this is a three-judge court case. As originally filed plaintiff

and intervenors did not ask for an injunction to restrain the enforcement of the statute, but only for a declaratory judgment and for equitable relief. By omitting to request an injunction the parties failed to properly invoke the jurisdiction of 28 U.S.C.A. § 2281[1] providing for a district court of three judges to hear a case asking for injunctive relief against the enforcement of a state statute. A later amendment of the pleadings prayed for such relief. We, therefore, hold that this is a proper subject matter for a three-judge court.

In the complaint filed by Buchanan there was serious question as to whether this plaintiff had standing to raise the constitutional rights of married persons committing acts of sodomy, or of homosexuals performing such acts with another male in private. United States v. Raines, 362 U.S. 17, 80 S.Ct. 519, 4 L.Ed.2d 524 (1960). Green v. Board of Elections, 2 Cir., 380 F.2d 445, 452 (1967). It is clear, however, that the allegations of the Gibsons and those of Strickland give them standing to raise such rights for persons similarly situated.

It is defendants' contention that as a matter of comity this court should abstain from deciding whether or not the Texas Statute is unconstitutional until the Texas courts have had an opportunity to construe the statute and rule on its constitutionality. We disagree, first, because there is no prospect of the immediate availability of a state forum where the questions raised here could be litigated which is particularly significant given the operation of an alleged overbroad statute on First Amendment rights, Dombrowski v. Pfister, 380 U.S. 479, 85 S.Ct. 1116, 14 L.Ed.2d 22 (1965), Zwickler v. Koota, 389 U.S. 241, 88 S.Ct. 391, 19 L.Ed.2d 444 (1967),

compare, Douglas v. City of Jeanette, 319 U.S. 157, 63 S.Ct. 877, 87 L.Ed. 1324 (1943), and Cotner v. Henry, 7 Cir., 394 F.2d 873 (1968), and, second, because there exists in Article 524 no question of statutory interpretation for which the courts of this State would be of assistance in resolving.

Article 524 makes no distinction whether acts it describes as sodomy are committed in public or in private, whether they are committed homosexually, or whether by married or unmarried persons. Indeed it plainly appears that Article 524 applies to private consensual acts between married persons and private acts of sodomy between homosexuals.

There have been no prosecutions under the Act of married persons for private acts of sodomy. As to whether there have been prosecutions of homosexuals for private acts of sodomy is unclear. To require such persons to await a state court's disposition of the prosecution of an offense of sodomy committed by either of these classes of persons would result in an unfair delay in determination of their rights and a substantial impairment of freedom of action for reasons appearing subsequently in this opinion.

Abstention was refused in Dombrowski v. Pfister, 380 U.S. 479, 489–490, 85 S.Ct. 1116, 1122, 14 L.Ed.2d 22 (1965), where it was contended that a state statute violated the rights of free expression under the First and Fourteenth Amendments. The Supreme Court in that case held:

> "the abstention doctrine is inappropriate for cases such as the present one where * * * statutes are justifiably attacked on their face * * * as applied for the purpose of discouraging protected activities."

---

1. 28 U.S.C.A. § 2281—Injunction against enforcement of State statute; *three-judge court required.* An interlocutory or permanent injunction restraining the action of any officer of such state in the enforcement * * * of such statute * * * shall not be granted by any district court or judge thereof upon the ground of the unconstitutionality of such statute unless the applicaton therefor is heard and determined by a district court of three judges under Section 2284 of this title.

The controlling factor in *Dombrowski* on the abstention issue was the inability of the state court to assure expeditious protection of federal rights.

In Zwickler v. Koota, 389 U.S. 241, 88 S.Ct. 391, 19 L.Ed.2d 444 (1967), the Supreme Court again refused abstention. Numerous decisions [2] were reviewed, including United States v. Livingston, D.C.S.C., 179 F.Supp. 9, 12–13 (1959), from which the Court quoted:

"Though never interpreted by a state court, if a state statute is not fairly subject to an interpretation which will avoid or modify the federal constitutional question, it is the duty of a federal court to decide the federal question when presented to it. Any other course would impose expense and long delay upon the litigants without hope of its bearing fruit."

Also, from Stapleton v. Mitchell, D.C. Kan., 60 F.Supp. 51, 55 (1945), the Court quoted as follows:

"We have not the right to decline the exercise of that jurisdiction simply because the rights asserted may be adjudicated in some other forum."

In the case before us it is clear that the statute applies to married persons and to homosexuals practicing acts of sodomy in private. There is no need for the state courts to interpret its provisions. Abstention is unwarranted. Chicago v. Achison, T. & S. F. R. Co., 357 U. S. 77, 84, 78 S.Ct. 1063, 2 L.Ed.2d 1174 (1958); United Steel Workers v. Bagwell, 4 Cir., 383 F.2d 492, 495 (1967).

For the reasons stated we hold that we should not abstain but that this Court should determine the constitutionality of Article 524, Texas Penal Code.

An examination of the statute reveals that it operates directly on an intimate relation of husband and wife. While this relationship is not mentioned in the Constitution nor its amendments, it has been held by the Supreme Court to be included in the First Amendment. It was said in Griswold v. Connecticut, 381 U.S. 479, 483, 85 S.Ct. 1678, 1681, 14 L. Ed.2d 510 (1965), that "the First Amendment has a penumbra where privacy is protected from governmental intrusion."

In a concurring opinion Justice Goldberg [3] reviewed the action of the Court in other cases and declared (381 U.S. at p. 497, 85 S.Ct. at p. 1688):

"In a long series of cases this Court has held that where fundamental personal liberties are involved, they may not be abridged by the States simply on a showing that a regulatory statute has some rational relationship to the effectuation of a proper state purpose. 'Where there is a significant encroachment upon personal liberty, the State may prevail only upon showing a subordinating interest which is compelling.' Bates v. Little Rock, 361 U.S. 516, 524 [80 S.Ct. 412, 4 L.Ed.2d 480]."

Since *Griswold* there have been several cases citing *Griswold* which have some significance in the interpretation of Article 524. In Cotner v. Henry, 7 Cir., 394 F.2d 873, 875 (1968), a habeas corpus proceeding, the opinion observes that Indiana statute punishing acts of married persons for sodomy might well be unconstitutional after *Griswold*.[4] Worthy of noting is the comment in note 3, page 875 of *Cotner* that "[t]he American Law Institute Model Penal Code adopts the view that consensual private sexual conduct between adults should not ordinarily be subject to criminal sanction."

In Travers v. Paton, D.C.Conn., 261 F.Supp. 110, 113 (1966), the opinion ob-

---

2. See 389 U.S. pages 248 to 254, 88 S.Ct. 391. Also note 10 on page 248 and note 14 on page 251.

3. In his opinion, Justice Goldberg also relies upon the Ninth Amendment, 381 U.S. at 487, 85 S.Ct. 1678.

4. "The import of the *Griswold* decision," the Court said, "is that private, consensual, marital relations are protected from regulation by the state through the use of a criminal penalty."

serves that *Griswold* protects "the sanctity of sexual aspects of the marital relationship," but holds that *Griswold* is applicable only within the marital context. Smayda v. United States, 9 Cir., 352 F. 2d 251, 255–257 (1965), also restricts the application of *Griswold*, holding that homosexuals committing acts of sodomy in a public rest-room are not protected by that decision.

■■ The State, in defense of Article 524, points out that sodomy was an offense under the common law and has been a statutory offense in Texas for more than a hundred years. We agree that it is not the function of the Court to determine the policy of the state as it relates to morals. The State has regulated sexual relations by the passage of laws prohibiting what it considers immoral acts, such as adultery and fornication and we believe that it has that right with reference to sodomy. The Court's holding today, "in no way interferes with a State's proper regulation of sexual promiscuity or misconduct." Griswold, 381 U.S. 498–499, 85 S.Ct. 1689. We hold simply as stated in Griswold at p. 485, 85 S.Ct. at p. 1682:

> "Such a law cannot stand in light of the familiar principle, so often applied by this Court, that a 'governmental purpose to control or prevent activities constitutionally subject to state regulation may not be achieved by means which sweep unnecessarily broadly and thereby invade the area of protected freedoms'. NAACP v. Alabama, 377 U.S. 288, 307 [84 S.Ct. 1302, 1314, 12 L.Ed.2d 325]."

Compare United States v. Robel, 389 U. S. 258, 266–268, 88 S.Ct. 419, 19 L.Ed.2d 508 (1967).

■ Sodomy is not an act which has the approval of the majority of the people. In fact such conduct is probably offensive to the vast majority, but such opinion is not sufficient reason for the State to encroach upon the liberty of married persons in their private conduct. Absent some demonstrable necessity, matters of (good or bad) taste are to be protected from regulation. Roberts v. Clement, D.C.Tenn., 252 F.Supp. 835, Senior District Judge Darr concurring at 848–850 (1966) (nudism); Griffin v. Tatum, D.C.Ala., 300 F.Supp. 60, at 62 (1969) (hair regulation); Breen v. Kahl, D.C.Wis., 296 F.Supp. 702, at 705–706 (1969) (hair regulation), affirmed, 389 U.S. 241, 88 S.Ct. 391, 19 L. Ed.2d 444; Zwickler v. Koota, D.C.N.Y., 290 F.Supp. 244, at 257 (1968) (distribution of political literature); Lamont v. Postmaster General, 381 U.S. 301, at 307, 85 S.Ct. 1493, 14 L.Ed.2d 398 (1965) (receiving communist literature through the mail).

■ Defendants contend that there has been no showing by the Gibsons that they fear future prosecution under Article 524. They point out that the State courts have only applied the statute to acts involving minors or unwilling persons or to public acts. Married persons in their private conduct have not been prosecuted. They contend that for this reason the Gibsons have no standing to bring this action for an injunction.

The failure, however, of the State to prosecute does not answer the allegation of the Gibsons that they fear prosecution. The law is on the books and so long as it remains there it is the duty of the State to carry out the laws. All public officials take an oath to perform the duties of the office to which they were elected or appointed and certainly the major duty of the law enforcing officers is to enforce the criminal statutes.

As so aptly stated in Dombrowski, 380 U.S. at p. 494, 85 S.Ct. at p. 1125:

> "So long as the statute remains available to the State the threat of prosecutions of protected expression[5] is a real and substantial one."

5. While marital activity deemed by the majority in *Griswold, supra*, to be free from government intrusion was not characterized in that opinion as "protected

expression." it was identified as a vital interest protected by the First Amendment.

The principle of *Dombrowski* has been applied in several cases after that decision.

United Steel Workers of America v. Bagwell, 383 F.2d 492 (4 Cir. 1967) was an action by a labor union to have certain ordinances declared unconstitutional. The complaint was dismissed by the District Court. In reversing the Circuit Court said at 496:

"The District Court was influenced by its opinion that the state courts would not enforce the ordinances. The fact that the anti-litter ordinance was not enforced by Slateville's Recorder, did not deprive the threat of enforcement of that ordinance of its effect as *Dombrowski* teaches."

Gilmore v. James, D.C.Tex., 274 F. Supp. 75 (1968), involved a statute prescribing a loyalty oath as a prerequisite for employment. In determining affirmatively that the plaintiff had standing the Court declared at p. 85:

"All it takes to make the cause of action for relief by injunction is a real threat of future violation or a contemporary violation of a nature likely to continue or recur. This established, it adds nothing that the calendar of years gone by might have been filled with transgressions. * * *" United States v. Oregon State Medical Society, 1952, 343 U.S. 326, 333, 72 S.Ct. 690, 695, 96 L.Ed. 978, 984.

The defendants point to the case of Poe v. Ullman, 367 U.S. 497, 81 S.Ct. 1752, 6 L.Ed.2d 989 (1961), as authority for holding that the Gibsons have no standing to bring this action for injunctive relief. In *Poe* plaintiffs in three cases sued for declaratory judgments that certain Connecticut statutes prohibiting the use of contraceptive devices and the giving of medical advice on their use violate the Fourteenth Amendment. The statutes involved had been on the books since 1879, but there had never been a prosecution for their violation save in 1940 when a test case was brought to determine the constitutionality of the Act as applied against two doctors and a nurse who had allegedly given contraceptive advice. The Connecticut Supreme Court of Errors held the acts constitutional and thereafter the informations against the doctors and the nurse were dismissed on the motion of the State. No new informations were filed and there were no further prosecutions. The record showed that contraceptives were commonly sold in Connecticut drug stores.

The Supreme Court in dismissing the appeals held there was no real controversy. It was declared (367 U.S. at 502, 81 S.Ct. at 1755):

The undeviating policy of nullification by Connecticut of its anti-contraceptive laws throughout all the long years that they have been on the statute books bespeaks more than prosecutorial paralysis. What was said in another context is relevant here. 'Deeply embedded traditional ways of carrying out state policy * * *'— or not carrying it out—'are often tougher and truer law than the dead words of the written text.' Nashville C. & St. L. R. Co. v. Browning, 310 U. S. 362, 369, 60 S.Ct. 968, 972, 84 L.Ed. 1254."

Again the Court said 367 U.S. at 507, 81 S.Ct. at 1758:

"It is clear that the mere existence of a state penal statute would constitute insufficient grounds to support a federal court's adjudication of its constitutionality in proceedings brought against the State's prosecuting officials if real threat of enforcement is wanting."

The plaintiffs in *Poe* were two married women who alleged that they needed medical advice on the use of contraceptives and a doctor who alleged he was deterred from giving such advice. The concurring opinion of Justice Brennan in Poe at p. 509, 81 S.Ct. at p. 1759, reveals that this may not have been the real controversy.

"The true controversy [the opinion declares] * * * is over the opening of birth-control clinics on a large

scale; it is that which the State has prevented in the past, not the use of contraceptives by isolated and individual married couples. It will be time enough to decide the constitutional questions urged upon us when, if ever, that real controversy flares up again. Until it does, or until the State makes a definite and concrete threat to enforce these laws against individual married couples—a threat which it has never made in the past except under the provocation of litigation—this Court may not be compelled to exercise its most delicate power of constitutional adjudication."

In the case before us the circumstances with reference to enforcement are completely different. For instance, the plaintiff, Buchanan, has recently been prosecuted in two cases and is now serving a sentence resulting from these prosecutions. The record shows that in the City of Dallas alone from 1963 through July 3, 1969, there have been the following number of arrests:

1963 - 61
1964 - 56
1965 - 35
1966 - 129
1967 - 63
1968 - 36
1969 - 71

While the record does not reveal any arrests of married persons the statute is definitely being enforced and since the Gibsons have admitted being in violation there is a real threat of prosecution from a District Attorney who takes pride in the manner in which he has enforced the law.

It should also be pointed out that *Poe* was four years prior to *Dombrowski*. *Dombrowski* clearly holds that where an overbroad first amendment statute is on the books there is a "threat of prosecution." [6] If *Dombrowski* does not overrule *Poe*, it appears that *Poe* should be strictly construed to limit its effect to the peculiar circumstances of that case.

In conclusion, Article 524 is void on its face for unconstitutional overbreadth insofar as it reaches the private, consensual acts of married couples. Plaintiffs Gibson are entitled to a declaratory judgment to this effect and injunctive relief against the future enforcement of Article 524.

Judgment will be entered in accordance with the declarations and conclusions reached herein.

## JUDGMENT

This action came on for hearing on the merits before a three-judge court composed of Irving L. Goldberg, Circuit Judge, Sarah T. Hughes and W. M. Taylor, Jr., District Judges. Plaintiff Alvin Leon Buchanan, intervenors, Michael Craig Gibson, et ux Jannet S. Gibson and Travis Lee Strickland, and defendant, Henry Wade, appeared by their attorneys. On a prior hearing that portion of plaintiff's complaint against Henry Wade relating to prosecutions pending in Dallas County had been dismissed and the portion against Charles Batchelor, Chief of Police of the City of Dallas, Delmar R. Cole and Earl Gage of the Vice Control Division alleging police harassment had been severed and retained for consideration by a single judge court. There remained in the case for consideration the matter of the constitutionality of Article 524 of the Texas Penal Code and an injunction against future prosecution under said statute.

The case having been heard on the merits and upon consideration of the stipulations filed herein, the briefs and arguments of counsel, the Court finds as follows:

### Findings of Fact

1. There is no prospect of the immediate availability of a state forum where the questions here could be litigated.

2. There exists in Article 524 of the Texas Penal Code no question of statuto-

6. 381 U.S. 494, 85 S.Ct. 1678, 14 L.Ed.2d 510.

ry interpretation which the courts of this State would be of assistance in resolving.

3. Article 524 makes no distinction between acts committed in public or in private; acts committed homosexually or hetrosexually; and acts committed by married or unmarried persons.

4. The statute operates directly on an intimate relation of Michael Craig Gibson and Jannet Gibson, husband and wife, and the class they represent.

5. The Gibsons have reason to fear prosecution.

6. The acts of which plaintiff Buchanan and intervenor, Strickland complain do not involve private acts of the marriage relation.

### Conclusions of Law

1. This case is a proper matter for a three-judge court.

2. The abstention doctrine is inappropriate under the facts in this case.

3. The private acts of the Gibsons are protected by the First Amendment.

4. Article 524 sweeps unnecessarily broadly and invades the area of protected freedoms.

5. Fundamental liberties, such as the private acts of the Gibsons may not be abridged.

6. Article 524 sweeps unnecessarily broadly and thereby invades the protected freedom of the Gibsons.

7. Where a statute is on the books and is being enforced there is a threat of prosecution.

8. Article 524 is void on its face for unconstitutional overbreadth insofar as it reaches the private, consensual acts of married couples and the Gibsons and the class they represent are entitled to an injunction against future enforcement of the act.

It is therefore ordered, adjudged and decreed that Article 524 of the Texas Penal Code is declared void on its face for unconstitutional overbreadth.

It is further ordered, adjudged and decreed that the defendant Henry Wade is permanently enjoined from future enforcement of Article 524 of the Texas Penal Code.