Francis M. WILHELMI, Petitioner-Appellant,

v.

Dr. George J. BETO, Director, Texas Department of Corrections, Respondent-Appellee.

No. 28492

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

March 19, 1970.

---

Francis M. Wilhelmi, pro se.

Crawford C. Martin, Atty. Gen., Texas, Ronald Luna, Asst. Atty. Gen., Nola White, First Asst. Atty. Gen., Pat Bailey, Executive Asst. Atty. Gen., Robert C. Flowers, Asst. Atty. Gen., Austin, Tex., for appellee.

Before JOHN R. BROWN, Chief Judge, and MORGAN and CLARK, Circuit Judges.

PER CURIAM.

■ This appeal is taken from an order of the District Court denying the petition of a Texas convict for the writ of habeas corpus. We affirm.[1]

■ Appellant, serving a 15-year sentence for sodomy, filed his petition below contending that the state conducted an improper cross-examination when the prosecuting attorney asked the appellant if he had been arrested for a similar offense a week prior to the trial. The District Court held that the matter did not raise a federal constitutional question and therefore could not be considered in a federal habeas corpus proceeding. Fay v. Noia, 1963, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837.

Appellant also alleged that his confession, which was introduced into evidence, was obtained by coercion. The District Court found from the state records, which include the trial transcript, that the Trial Court conducted an evidentiary hearing out of the presence of the jury to determine whether the confession was voluntarily made. The District Court found the State Court's hearing to comply with Townsend v. Sain, 1965, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770, and found further that the Trial Court was not clearly erroneous in finding that the confession was voluntary.

1. Pursuant to Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 5 Cir., 1969, 409 F.2d 804, Part I; and Huth v. Southern Pacific Co., 5 Cir., 1969, 417 F.2d 526, Part I.

. Appellant's last contention is that he was denied the assistance of counsel during custodial interrogation. Since the trial was held before Miranda v. Arizona, 1966, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, which has no retroactive effect, Johnson v. New Jersey, 1966, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882, but after Escobedo v. Illinois, 1964, 378 U.S. 478, 84 S.Ct. 1758, 12 L Ed.2d 977, Appellant's rights, apart from the question of overall voluntariness, must be judged by the *Escobedo* standard. We do not think that we should take that case beyond its own limitations. The holding of *Escobedo* was explicitly set out by the Court:

> "We hold, therefore, that where, as here, the investigation is no longer a general inquiry into an unsolved crime but has begun to focus on a particular suspect, the suspect has been taken into police custody, the police carry out a process of interrogations that lends itself to eliciting incriminating statements, *the suspect has requested and been denied an opportunity to consult with his lawyer,* and the police have not effectively warned him of his absolute constitutional right to remain silent, the accused has been denied 'the Assistance of Counsel' in violation of the Sixth Amendment to the Constitution * * *."

378 U.S. at 490–491, 84 S.Ct. at 1765, 12 L.Ed.2d at 986. (Emphasis added). See Calloway v. Wainwright, 5 Cir., 1969, 409 F.2d 59, 62, cert. denied, 395 U.S. 909, 89 S.Ct. 1752, 23 L.Ed.2d 222; Israel, Police Interrogation and the Supreme Court—The Latest Round in A New Look at Confessions: Escobedo— The Second Round at 15–32. (George ed. 1967).

 Here the Court found that Appellant was given all warnings and, after being advised of his right to counsel, did not request an attorney. Thus after reviewing the entire record, including the transcript of Appellant's trial, we find no clear error in the findings of the District Court nor do we find error in that Court's application of the law regarding the arguments there presented.[2]

Affirmed.

---

2. Although now pressed here by supplemental memorandum the District Court did not, and did not have an opportunity to pass on the Appellant's attack on the Constitutionality of Art. 524 of the Vernon's Ann.Texas Penal Code, based on the recent case of Buchanan v. Batchelor, N.D.Tex., 1970, 308 F.Supp. 729.

Neither do we. As to these claims Appellant must exhaust his State remedies under Art. 11.07, Vernon's Ann.Texas Code of Criminal Procedure before it is ripe for federal habeas. See Texas v. Payton, 5 Cir., 1968, 390 F.2d 261, 270; Peters v. Rutledge, 5 Cir., 1968, 397 F.2d 731.