Allan DEAN, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 385S123PS.

Supreme Court of Indiana.

Oct. 27, 1986.

Allan Dean, pro se.

Linley E. Pearson, Atty. Gen., Cheryl L. Greiner, Deputy Atty. Gen., Indianapolis, for appellee.

DICKSON, Justice.

Defendant-appellant, Allan Dean, appeals his conviction by a jury of robbery, a class A felony [1], and burglary, a class B felony [2]. He was sentenced to thirty (30) years imprisonment for burglary and to ten (10) years imprisonment for robbery. Defendant challenges the sufficiency of evidence and contends that the trial court erroneously imposed a sentence greater than that originally imposed pursuant to his guilty plea.

## ISSUE I

In addressing the issue of sufficiency of evidence, we will affirm the conviction if, considering only the probative evidence and reasonable inferences supporting the verdict, without weighing evidence or assessing witness credibility, a reasonable trier of fact could conclude that the defendant was guilty beyond a reasonable doubt. *Case v. State* (1984), Ind., 458 N.E.2d 223; *Loyd v. State* (1980), 272 Ind. 404, 407, 398 N.E.2d 1260, 1264, *cert. denied*, 449 U.S. 881, 101 S.Ct. 231, 66 L.Ed.2d 105. A conviction can be based upon the uncorroborated testimony of an accomplice. *Smith v. State* (1985), Ind., 475 N.E.2d 1139. An accomplice's credibility is an issue for the jury to resolve. *Lowery v. State* (1985), Ind., 478 N.E.2d 1214.

Applying this standard, the evidence shows that defendant and four companions were drinking at a tavern early in the morning of January 12, 1983. One of these men, Cox, had conceived a plan to rob the "Dope-Man," a drug dealer. Cox was looking for a weapon to use in this robbery and he made inquiries to Gulliford, another

---

1. Ind.Code § 35–42–5–1.

2. Ind.Code § 35–43–2–1.

member of the group who ultimately provided inculpatory evidence about defendant at trial. Gulliford's nephew had a rifle and the four men got into Cox's car and drove to the nephew's home to get the gun. Although defendant was not privy to the original conversation between Cox and Gulliford, discussion about the robbery and using the rifle continued during the two mile drive from the tavern to the nephew's home. Gulliford obtained the rifle, but did not get ammunition. Defendant directed the group to his home and there he got two shells for the rifle. Then the men drove to the victim's apartment. Approximately forty-five minutes elapsed from the time the men left the tavern until they reached the victim's residence. Defendant and Gulliford were to wait in the car while Cox and the fourth man, Small, went into the apartment. The victim and his wife were sleeping and heard a noise. The victim discovered Cox and Small in his dining room. They attempted to portray themselves as police officers conducting a "bust." When the victim retreated into his bedroom, the robbers ordered him out and fired shots through the door. The victim opened the door and the men pulled him and his wife into the hall where they beat him. Cox was armed with the rifle and Small had a handgun. They used the guns as clubs. Small took the victim's wallet. Cox led the victim into the bedroom at rifle point and in response to Cox's threats, the victim gave him about a quarter pound of marijuana. Then the victim resisted, disarmed Cox and after an exchange of shots, he chased the two men from the building. Cox and Small met defendant and Gulliford at the car. The men drove to a friend's home where they divided the money and marijuana among themselves.

Defendant's challenge to the sufficiency of evidence focuses on Gulliford's credibility and the facts that defendant did not enter the home and did not initiate the robbery plan. Defendant argues that he was unaware of what was to transpire as they drove around town. The evidence clearly shows Small and Cox broke into a residence, while armed, with intent to commit robbery. It also shows they forcefully took property from the victim and injured him. Defendant was aware these crimes were to occur and he aided the enterprise by providing ammunition. He also received a share of the spoils. The fact defendant did not personally commit each element of the charged offenses is irrelevant. The actions of his accomplices were properly imputed to him and he is responsible as if he were a principal. Ind. Code § 35–41–2–4; *Pack v. State* (1985), Ind., 486 N.E.2d 994; *Joy v. State* (1984), Ind.App., 460 N.E.2d 551.

We find the evidence was sufficient to sustain the convictions.

## ISSUE II

On February 8, 1983, defendant was charged in Cause No. SCR–83–5 which included two counts. Count I charged robbery, a class A felony, and Count II charged burglary, a class B felony. Both offenses arose out of an occurrence on January 12, 1983, at the residence of Gary Joseph. A plea agreement was thereafter filed on January 13, 1984, including the following principal provisions:

A. Defendant will plead guilty to robbery, a class C felony;

B. The State will make no recommendation concerning sentencing;

C. The State will move to dismiss Counts I and II, and the State would further move to dismiss a separate cause charging battery resulting in serious bodily injury, a class C felony.

The State then filed an amended Count I charging robbery, a class C felony, and the agreed plea and dismissals were entered on January 16, 1984. On February 7, 1984, the defendant was sentenced to a term of five (5) years on his plea of guilty to robbery, a class C felony.

Defendant thereafter filed a motion to correct errors, which was then supported by a transcript of the sentencing hearings, and supporting memorandum. On May 29, 1984, the trial court granted defendant's motion to correct errors and set aside his

plea of guilty. On June 11, 1984, the trial court granted the State's motion to "reinstate all charges against the defendant which were dismissed pursuant to that plea recommendation."

Defendant's jury trial occurred September 5, 1984. The jury verdict found the defendant guilty of robbery, a class A felony (Count I), and burglary, a class B felony (Count II). Defendant was sentenced on September 25, 1984, to concurrent terms of thirty (30) years upon Count I and ten (10) years upon Count II.

Defendant contends that the trial court erred in imposing penalties for defendant's convictions of robbery, a class A felony, and burglary, a class B felony, which were more severe than the five-year term originally imposed upon following defendant's plea of guilty to burglary, a class C felony, which plea was vacated before trial.

Defendant recognizes a motion to correct errors is an improper vehicle to challenge a guilty plea apart from an improper sentence. *Crain v. State* (1973), 261 Ind. 272, 301 N.E.2d 751. However, because he challenged his guilty plea on grounds appropriate for post-conviction relief, defendant argues that the trial court was required to treat the motion to correct errors as a petition for post-conviction relief, and that the trial court therefore violated the prohibitions against more severe sentences in Ind.R.P.C.R. 1 § 10 (subsequently amended January 1, 1986):

(a) If prosecution is initiated against a petitioner who has successfully sought relief under this Rule and a conviction is subsequently obtained, or

(b) if a sentence has been set aside pursuant to this Rule and the successful petition is to be resentenced,

then the sentencing court shall not impose a more severe penalty than that originally imposed, and the court shall give credit for time served.

He also notes that the statutory authorization for more severe sentences following post-conviction relief, Ind. Code § 35–50–1–5, did not take effect until September 1, 1984, and argues that it is inapplicable to

his case because his original conviction, February 7, 1984, and the setting aside of his guilty plea, May 29, 1984, occurred prior to the effective date for the statute.

This Court reviewed the purpose of the distinctions between a post-conviction petition and a motion to correct errors in *Crain:*

It has been consistently held by this Court that a motion to correct errors is not the proper procedural method for challenging a plea of guilty. *Pritchard v. State* (1965), 246 Ind. 671, 210 N.E.2d 372; *Snow v. State* (1963), 245 Ind. 423, 195 N.E.2d 468, 199 N.E.2d 469. The proper method is the filing of a petition for post-conviction relief under PC. Rule 1. *Lockhart v. State* (1971), [257] Ind. [349], 274 N.E.2d 523; *Grimes v. State* (1972), [257] Ind. [660] 278 N.E.2d 271.

This holding goes beyond the mere technical considerations of a misnamed motion. Rather the type and extent of evidentiary hearing afforded at a post-conviction proceeding is much broader than a hearing on a motion to correct errors and specifically designed to allow appellant an opportunity to establish the factual assertions he makes concerning his guilty plea. The hearing on appellant's motion to correct errors, on the other hand, consisted solely of his counsel and the prosecutor making oral arguments to the trial court and therefore failed to afford him the opportunity to introduce evidence and establish those facts critical to his contentions.

Appellant's appeal on his motion to correct errors is therefore dismissed without prejudice to his right to raise these issues in a subsequent post-conviction proceeding if he so chooses.

261 Ind. at 273, 301 N.E.2d at 751–752.

In the case at bar, defendant received the broader hearing contemplated in *Crain,* as the trial court reviewed the transcript of the sentencing hearing and granted defendant's request to set aside his guilty plea. In substance, defendant was granted post-conviction relief. Although the trial court could have denied the requested guilty plea

relief, and required the defendant to raise the issue in a separate post-conviction remedy proceeding, it did not do so. The trial court's action was thus similar to the practice now specified by Ind. Code § 35–35–1–4(c):

> *(c) After being sentenced following a plea of guilty,* or guilty but mentally ill at the time of the crime, the convicted person may not as a matter of right withdraw the plea. However, upon motion of the convicted person, the court shall vacate the judgment and allow the withdrawal whenever the convicted person proves that withdrawal is necessary to correct a manifest injustice. *A motion to vacate judgment and withdraw the plea made under this subsection shall be treated by the court as a petition for postconviction relief under the Indiana Rules of Procedure for Postconviction Remedies.* For purposes of this section, withdrawal of the plea is necessary to correct a manifest injustice whenever:
>
> (1) The convicted person was denied the effective assistance of counsel;
>
> (2) The plea was not entered or ratified by the convicted person;
>
> (3) The plea was not knowingly and voluntarily made;
>
> (4) The prosecuting attorney failed to abide by the terms of a plea agreement; or
>
> (5) The plea and judgment of conviction are void or voidable for any other reason.
>
> The motion to vacate the judgment and withdraw the plea need not allege, and it need not be proved, that the convicted person is innocent of the crime charged or that he has a valid defense. (Emphasis added)

This codified the prior approach of this Court. *See, Lockhart v. State* (1971), 257 Ind. 439, 274 N.E.2d 523; *Grimes v. State* (1972), 257 Ind. 660, 278 N.E.2d 271, 258 Ind. 257, 280 N.E.2d 575.

█ The statutory authorization for more severe sentences after post-conviction remedial action, Ind. Code § 35–50–1–5, provides:

> If:
>
> (1) prosecution is initiated against a petitioner who has successfully sought relief under any proceeding for post-conviction remedy and a conviction is subsequently obtained; or,
>
> (2) a sentence has been set aside under a post-conviction remedy and the successful petitioner is to be resentenced;
>
> the sentencing court may impose a more severe penalty than that originally imposed, and the court shall give credit for the time served.

The statute became effective September 1, 1984, and defendant was tried on September 4, 1984. However, his request to vacate his original guilty plea was made March 2, 1984, prior to the effective date of the statute. A similar issue of retroactivity was recently addressed by this Court in *Tolson v. State* (1986), Ind., 493 N.E.2d 454 (reh. granted). Discussing the comparable recent amendments to Post Conviction Rule 1 now allowing more severe sentences, we held that the amended rule should not apply retroactively, but should apply only to petitions filed after the amendment date because of the potential due process and equal protection issues. Such reasoning is equally applicable to the case at bar.

In determining whether the sentencing court erred in sentencing, the decision in *Ballard v. State* (1974), 262 Ind. 482, 318 N.E.2d 798, is instructive. Ballard had initially entered a guilty plea and been sentenced to two to five years imprisonment for second degree burglary. Subsequent post-conviction relief set aside the guilty plea, and Ballard was held for retrial upon the reinstated original charges. Following jury trial, Ballard was convicted of robbery and first degree burglary, and sentenced to ten to twenty-five years imprisonment for robbery, the charge previously dismissed at the time of the guilty plea. In *Ballard,* we applied Post Conviction Rule 1, § 10, to preclude the greater sentence for robbery. Justice Prentice's majority opinion stated:

It is obvious here that by a combination of plea bargaining and invocation of the Post-Conviction Rule, the defendant has manipulated the State into a position of impotence. He succeeded, prior to a trial upon the issue of guilty, in placing a ceiling upon the sentence he could receive—a ceiling greatly lowered from the one fixed by statute for the offense he committed. It is inevitable in an imperfect system, that those not justly entitled may sometimes have the benefit of rules designed to protect the rights of the innocent and the abused.

The intent of Section 10 is to assure that the avenue provided by the sections of the rule preceding it may be freely traversed. This does not come to pass if the would-be petitioner, in order to utilize the rule, must pay the toll of risking a penalty more severe than the one he is presently under. That it has, in this case, worked an injustice of the State of Indiana is unfortunate.

262 Ind. at 501, 318 N.E.2d at 809–810.

The *Ballard* decision was interpreted in *Bates v. State* (1981), Ind., 426 N.E.2d 404, 406, which held:

[T]he trial court may not inflict a sentence greater than the one initially imposed, and that such limitation operates, not only as to the offense for which the defendant was initially sentenced, but also as to all his other crimes flowing from the occurrences that gave rise to the initial charges and of which the State had had pertinent information and an opportunity to charge.

Application of these precedents to the facts in the case at bar compel us to agree with the contention that the trial court erred in failing to comply with the restrictions of PCR 1, § 10(b) that "the sentencing court shall not impose a more severe penalty than that originally imposed, and the court shall give credit for the time served."

Because of the minimum sentence for both robbery as a class A felony (twenty years) and burglary as a class B felony (six years), we cannot merely remand for reduction of sentence as to these convictions. However, the offense for which defendant originally entered a plea of guilty, burglary as a class C felony, was submitted to the jury as a lesser-included offense of burglary, a class A felony, for which defendant was found guilty. Having found the evidence sufficient to support the class A felony conviction, it necessarily follows that the defendant also committed the lesser-included class C felony. The presumptive sentence for robbery as a class C felony is five years.

We affirm the convictions, but remand to the trial court to resentence defendant to a term of five (5) years imprisonment upon the lesser-included conviction of robbery, a class C felony, and the trial court shall give credit for time served.

GIVAN, C.J., and DeBRULER, PIVARNIK and SHEPARD, JJ., concur.