## W. Fennell v. The State.

1—In view of the prohibition contained in the 3d Article of the Penal Code, (Paschal's Digest, Art. 1605), it is *held* that Article 399 of the same Code does not so define the "crime against nature," or sodomy, as to make it punishable in this State. (Justices Hamilton and Caldwell dissenting.)

Appeal from Guadalupe. Tried below before Hon. J. J. Thornton.

The record presents no question of fact.

*John Ireland,* for the appellant.—It is insisted that the court below should have sustained the motion to quash.

Arts. 1 and 3 of the Code (1603–5 of Paschal) are just as injunctive as any other portions of that statute. In fact, if Arts. 1 and 3 be set at naught, we wholly override the will of the Legislature.

It was the intention of the Legislature to avoid the refinements of the common law, and to point the citizen to the written Code, and after looking them up, if he can not find an act or omission *clearly defined* and expressly setting forth the offense, then he is not to be punished.

Hence, we find homicides of all grades, rape, robbery, arson, theft, etc., etc., "clearly" and "expressly" defined, and in separate sections we find the penalties prescribed.

Fornication is the only exception, and it has, so far as I know, been uniformly held by the judiciary that for this offense there is no law to punish.

It will not answer for the State to say, as was the case in the court below, that to sustain our views would render the law inoperative; for thus says the law itself—(Art. 6 of the Code; 1608 of Paschal).

It may be insisted here, as it was in the court below, that Art. 399 of the Code, (2033 of Paschal), is as definite as the

laws of many of the other States. Our Code is our statute, and all its parts must be consulted in order to get a correct view of any of its parts. (Smith's Commentaries and authorities cited, pp. 751–2–3.)

In no Code or statute of another State do we find provisions similar to 1 and 3 of our Code.

*E. B. Turner*, Attorney General, for the State.

LINDSAY, J.—This was an indictment, as if at the common law, for the crime of sodomy. A motion was made in the court below to quash the indictment. The motion was over-ruled by the court, and this is assigned as error.

The third article of the general provisions of the Criminal Code, Paschal's Digest, Art. 1605, declares that, "in order that the system of penal law in force in this State may be complete within itself, and that no system of foreign laws, written or unwritten, may be appealed to, it is declared that no person shall be punished for any act or omission as a penal offense, unless the same is expressly defined and the penalty affixed by the written law of this State." Art. 2033, of the same Code, says: "If any person shall commit, with mankind or beast, the abominable and detestable crime against nature, he shall be deemed guilty of sodomy, and, on conviction thereof, he shall be punished by confinement in the penitentiary for not less than five nor more than fifteen years." Now, we conceive that this latter article is no definition of the common law crime of sodomy. It is not defined by our statute what "the abominable and detestable crime against nature" is. To ascertain what it is, we have to appeal to the unwritten or common law. To do so, we shall be compelled to act in contravention of the expressed object of the Criminal Code. The crime against nature is wholly undefined by the Criminal Code, and, there-fore, according to its express injunction, is not punishable. There are various crimes defined in the Code which are crimes against nature. But they would not be punishable by our law

but for their being defined by the Code. The judgment of the court below is therefore reversed and the case dismissed.

Reversed and dismissed.

We can not concur in the reasons nor the judgment rendered in the above cause.

CALDWELL,
HAMILTON.