*Reversed and remanded.*

Opinion delivered April 11, 1883.

---

## [No. 2671.]

### Ex Parte Ed. Bergen.

1. Interpretation of the Code.—Article 3 of the Revised Penal Code amends the corresponding article of the original Code, so that now it is no longer necessary that an offense be "expressly defined." If the act or omission *eo nomine* is made a penal offense, and a penalty is affixed thereto, it becomes an offense punishable by law.

2. Sodomy is, by Article 342 of the Penal Code, made an offense against the law of this State, with a penalty affixed.

Appeal from the District Court of Parker, on *habeas corpus* tried before the Hon. A. J. Hood.

The opinion discloses the entire case.

*B. G. Johnson,* for the appellant: The solution of the proposition of law upon which the decision of this case must turn involves the construction of Articles 1, 3 and 342 of the Penal Code, and a comparison of the last named articles with Article

3 of the old Criminal Code (Pasch. Dig., Art. 1605) as to the rule that all offenses must be defined by the Code.

Clearly the affidavit upon which this prosecution is based charges no offense known to the laws of Texas.

Sodomy is a "common law" crime, but is not known or recognized by our law, because the offense is not described or defined by the Code.

Article 342 of Penal Code, and the old statute (Pasch. Dig., Art. 2033), which are identical, in attempting to define the offense, simply say it is "The abominable and detestable crime against nature."

The question of the sufficiency of this definition has been directly and positively settled by our Supreme Court in *Fennell* v. *The State*, 32 Texas, 378, and in *Frazier* v. *The State*, 39 Texas, 390, where the opinion in Fennell's case is cited and approved.

In *Fennell* v. *The State*, after literally quoting Article 342, Penal Code, the Supreme Court say: "Now, we conceive that this article is no definition of the common law crime of sodomy. It is not defined by our statute what the abominable and detestable crime against nature is. To ascertain what it is, we have to appeal to the unwritten or common law, by which we are compelled to act in contravention of the expressed object of the Criminal Code. The crime against nature is wholly undefined, and therefore, according to the express injunction of the Criminal Code, is not punishable."

In the above quotation, what do the Supreme Court mean by the term "In contravention of the expressed object of the Criminal Code"? They meant Article 1, Penal Code, which says: "The design of enacting this code is to define in plain language every offense against the laws of this State." Certainly all lawyers who are familiar with our codes and code practice will understand that proposition. Again, what do the court mean in said quotation when they say: "According to the express injunction of the Code, the 'crime against nature' is not punishable"? They mean Article 1605, Paschal's Digest, which reads : *   *   *   * "No person shall be punished for any act or omission as a penal offense, unless the same is expressly defined, and the penalty affixed by the written law of this State."

It is contended by the prosecution that this law has been changed since the decisions of *Fennell* and *Frazier* v. *The State*, by our Revised Statutes, Penal Code, Article 3, which now reads:

* * * * "No person shall be punished for any act or omission unless the same is made a penal offense * * * * * by the written law of this State." The same what? Why, the act or omission, certainly.

Then, if the certain specified act, or the certain specified omission, is named, and made a penal offense, that, *per se*, is a complete definition of the offense, for naming the act or omission defines what constitutes the offense, certainly. In fact, the offense cannot be defined in any way except by naming the act or omission going to constitute the offense. Then, clearly, the old statute and the new are identically the same. The only difference is that a "surplusage" and "ambiguity" is eliminated from our new statute in the Penal Code, and it is as indispensable now that the offense should be defined as it was in the palmy days of Paschal's Digest and Sayles's Treatise, which were so much reverenced by the learned Hardin Hart and the justices of the peace at large. The ambiguous expression in the old statute that "the act or omission shall be defined" was an absurdity which the honorable commissioners avoided in compiling our Revised Statutes, and the statute now says, in effect, what it then intended to say, to wit: That the offense (not the act or omission) shall be defined by naming the act or omission and making it penal, which, of course, defines the offense to be the act or omission so made penal.

This is a simple, logical proposition, which is too clear to justify an argument. In *Fennell* v. *The State, ut supra,* the Supreme Court said: "There are various crimes defined in the Code which are against nature, but they would not be punishable by our law were they not defined by the Code." Even a bill of indictment must name the act or omission sought to be punished; and surely the same certainty is required of the statute.

Our Court of Appeals, in *Williams* v. *The State,* 12 Texas Court of Appeals, 399, say: "The indictment must show * * * that a person * * * has done a particular act, which act, so done, constitutes what the court can see, as a question of law, to be a crime." Also, "That a statute authorizing the omission of essential parts of the description of an offense would be in violation of the Constitution."

To hold that it is not necessary for offenses against the laws of Texas to be defined by the Code and by the indictments, would be to overturn the Constitution, to revolutionize and reverse the entire system of criminal jurisprudence, and to con-

travene and set at naught both the spirit and the literal requirements of our Penal Code.

The record in this case now before the Court of Appeals does not show that appellant is charged with any act or omission which is an offense against the law of Texas. I therefore submit that the case should be reversed and dismissed and the relator discharged.

*J. H. Burts,* Assistant Attorney General, for the State.

WILLSON, JUDGE. Appellant was charged by complaint before a justice of the peace with the offense of sodomy, and upon an examination of the case the justice held him to bail in the sum of one thousand dollars. Appellant applied to Hon. A. J. Hood, judge of the District Court, for a writ of *habeas corpus,* which was granted, and upon a hearing of the same, Judge Hood remanded appellant to the custody of the sheriff in default of bail in the sum of five hundred dollars, and from this judgment appellant now appeals to this court.

It is contended by appellant's counsel that "sodomy" is not an offense against the law of this State, because the same is not defined as an offense by the Penal Code; and that therefore the appellant, not being charged with any offense against the law. of the State, is illegally restrained of his liberty, and should be discharged from custody.

Article 342 of the Penal Code provides for this offense as follows: "If any person shall commit, with mankind or beast, the abominable and detestable crime against nature, he shall be deemed guilty of sodomy, and, on conviction thereof, he shall be punished by confinement in the penitentiary for not less than five nor more than fifteen years." This article is a precise copy of Article 2033 of Paschal's Digest, the same being Article 399*c* of the Penal Code, as amended by act of February 11, 1860.

In *Fennell* v. *The State,* 32 Texas, 378, it was held that the article quoted does not so define the "crime against nature," or sodomy, as to make it punishable in this State. Two of the justices of the Supreme Court dissented from that decision. In the following cases it was held that "fornication" was not defined in the Penal Code, and was not therefore an offense punishable by law: *The State* v. *Smith,* 32 Texas, 167; *The State* v. *Rahl,* 33 Texas, 76; *Wolf* v. *The State,* 6 Texas Ct. App., 195; *The State* v. *Foster,* 31 Texas, 578. All these decisions were based upon

article 3 of the Penal Code, which reads as follows: "In order that the system of penal law in force in this State may be complete within itself, and that no system of foreign laws, written or unwritten, may be appealed to, it is declared that no person shall be punished for any act or omission as a penal offense, unless the same is *expressly defined* and the penalty affixed by the written law of this State." In *The State* v. *Randle*, 41 Texas, 292, the doctrine of these cases is criticised and questioned. In that case it is said, referring to Article 3: "This article was intended to prohibit the prevailing practice in this State, before the adoption of the Code, of looking to the common law, and outside of the penal statutes of the Republic and State, for the prosecution of persons for what were designated as offenses at common law, but which were not made penal by our statutes. Article 3 was not intended, and cannot be legitimately construed, to mean that resort may not be had to other systems for illustration, or in aid of the construing any doubtful or uncertain provision of the Criminal Code. If, however, the intention of Article 3 is that contended for by appellee's counsel, its force no longer exists. The act of February 12, 1858, Article 4 of the Penal Code, declares that 'The principles of the common law shall be the rule of construction, when not in conflict with the Penal Code or Code of Criminal Procedure, or with some other written statute of the the State.' The force of the objection, based on Article 3, is destroyed when taken in connection with Article 4."

But, conceding the correctness of the decision in *Fennell* v. *The State*, and the other cases we have cited in the same line, they were based upon an article of the Penal Code which has since been materially altered, and with a view, doubtless, to obviate the difficulties arising under those very decisions. That article now reads as follows: "In order that the system of penal laws in force in this State may be complete within itself, and that no system of foreign laws, written or unwritten, may be appealed to, it is declared that no person shall be punished for any act or omission, unless the same is made a penal offense, and a penalty is affixed thereto, by the written law of this State." (Revised Penal Code, Art. 3.) It is no longer required that the offense should be "expressly defined." (*Robinson* v. *The State*, 11 Texas Ct. App., 309.) If an act or omission, *eo nomine*, is made a penal offense, and a penalty is affixed thereto, it becomes an offense punishable by law. Under Article 3, as it now is, and

in connection with Article 4 immediately following it, we are of the opinion that "sodomy," which is the "abominable and detestable crime against nature" known to the common law, is, by Article 342 of the Penal Code, made an offense, with a penalty affixed thereto in compliance with Article 3 of the Penal Code, and such being our opinion, and there being no other question in this case demanding our attention, the judgment of the district judge is affirmed.

*Affirmed.*

Opinion delivered April 13, 1883.