### CHARLIE PRINDLE v. THE STATE.

*No. 119.   Decided February 15.*

**Sodomy.**—Whilst sodomy is punished by article 342 of the Penal Code, it is only generally defined as the " abominable and detestable crime against nature, with mankind or beast," and we must look to the common law for the elements of the crime.   At common law, the act in a child's mouth did not constitute the offense, and such being the nature of the detestable act of which defendant was proven guilty in this case, the conviction can not stand.

APPEAL from the District Court of Wichita.   Tried below before Hon. GEO. E. MILLER.

Appellant was convicted under an indictment charging him with sodomy, and his punishment assessed at a term of five years confinement in the State penitentiary.

It is not necessary to state the facts in this case.

No brief for appellant.

*R. L. Henry*, Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted of sodomy, and prosecutes this appeal.

" This offense consists in a carnal knowledge committed against the order of nature by man with man, or in the same unnatural manner with woman; or by man or woman, in any manner, with beast." 1 Russ. Crime, 937.

Sodomy, which " is the abominable and detestable crime against nature," known to the common law, is, by article 342 of the Penal Code, made an " offense " in this State; and being undefined, we must look to the common law for the elements of this crime.   Ex Parte Bergen, 14 Texas Ct. App., 52.   " To constitute this offense, the act must be in that part where sodomy is usually committed.   The act in a child's mouth does not constitute the offense."   1 Russ. Crime, 937; Rex v. Jacobs, Russ. & R., 331.

The evidence discloses the act relied on in this case was committed in a child's mouth.   However vile and detestable the act proved may be, and is, it can constitute no offense, because not contemplated by the statute, and is not embraced in the crime of sodomy.

The Legislature has not named or defined any crime under which defendant can be prosecuted or punished, under the evidence adduced in this case.   The judgment is reversed and the cause remanded.

*Reversed and remanded.*

Hurt, P. J., concurs.   Simkins, J., absent.