[Crim. No. 235. Department One.—May 6, 1897.]

## THE PEOPLE, Respondent, *v.* EDWARD BOYLE, Appellant.

CRIMINAL LAW—INFAMOUS CRIME AGAINST NATURE—INSUFFICIENT PROOF. A charge of the "infamous crime against nature," is not sustained by proof of a carnal assault upon a human being, not made *per anum.*

APPEAL from a judgment of the Superior Court of Tulare County and from an order denying a new trial. WHEATON A. GRAY, Judge.

The carnal assault shown by the evidence was made by the defendant in the mouth of a boy and not *per anum.*

Further facts are stated in the opinion of the court.

*J. H. Boyer*, for Appellant.

The crime against nature is not defined by law. (*Fennell* v. *State*, 32 Tex. 378; *Frazier* v. *State*, 39 Tex. 390.) To ascertain what acts constitute the crime against nature the unwritten or common law must be appealed to. (*Fennell* v. *State*, *supra*; *Frazier* v. *State*, *supra*; *Ex parte Bergen*, 14 Tex. App. 52; *Cross* v. *State*, 17 Tex. App. 476; *Hillhouse* v. *Chester*, 3 Day (Conn.),

211.)    The acts proven in this state do not constitute the crime against nature under the common law. (*Prindle* v. *State*, 31 Tex. Crim. Rep. 551; 37 Am. St. Rep. 833; 1 Russell on Crimes, 698; Bouvier's Law Dictionary; Bishop's Criminal Law, 1194; 1 Wharton's Criminal Law, 579.) The term "infamous crime" as used in the statute has been confined to its legal sense. (*Rex* v. *Heckman*, 1 Moody, 34; *Commonwealth* v. *Shaver*, 3 Watts & S. 338; Bishop on Statutory Crimes, sec. 242; 2 Bishop on Criminal Law, sec. 118.)

*Attorney General W. F. Fitzgerald*, and *Deputy Attorney General Charles H. Jackson*, for Respondent.

The term "infamous crime against nature" ought not to be confined to copulation *per anum*, but should be construed to cover any form of unnatural carnal knowledge with any part of the human frame. (Pen. Code, secs. 16, 18, 220, 286, 287; 22 Am. & Eng. Ency. of Law, 826.)

THE COURT.—The defendant was convicted of a felony, technically designated in the information as an assault with intent to commit the infamous crime against nature. He appeals from the judgment and order denying his motion for a new trial. The facts of the case do not make out the offense of which the defendant has been convicted. It has been so held in at least two cases. (See *Prindle* v. *State*, 31 Tex. Crim. Rep. 551; 37 Am. St. Rep. 833; 1 Wharton on Criminal Law, sec. 575.)

Judgment and order reversed and cause remanded.