JIM MITCHELL AND B. HAMMON v. THE STATE.

No. 3630.    Decided March 24, 1906.

**Sodomy—Charge of Court—Definition of Offense.**

Upon a trial for sodomy, where the court in his charge submitted as a predicate for conviction that one of the parties used the mouth of the other, the same was error and submitted a state of case upon which the crime of sodomy could not be predicated.

Appeal from the District Court of Jefferson. Tried below before the Hon. W. H. Pope.

Appeal from a conviction of sodomy; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

No brief for appellant on file.

*Howard Martin,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—The charge was sodomy. The court in his charge submitted as a predicate for conviction that one of the parties used the mouth of the other. This is criticised in motion for new trial as not being the law. The same question was discussed in Prindle v. State, 31 Texas Crim. Rep., 551, where it was held, that such fact did not constitute the crime of sodomy. See also Peo. v. Boyle, 116 Cal., 658, 48 Pac. Rep., 800; 1 Wharton's Crim. Law, sec. 579. McClain's Crim. Law, sec. 1153; 25 Amer. & Eng. Ency. of Law, p. 1145, and note 5, for authorities. Without further discussion of the question, we hold that the charge was not only error, but submitted a state of case upon which this crime cannot be predicated. The judgment is reversed and the cause remanded.

*Reversed and remanded.*