CASE 78.—C. H. POINDEXTER AND FRANK MOORE WERE
        CONVICTED OF SODOMY. THE VERDICT WAS
        SET ASIDE AND THE COMMONWEALTH AP-
        PEALS.—May 7, 1909.

## Commonwealth v. Poindexter, &c.

Appeal from Caldwell Circuit Court.

J. F. GORDON, Circuit Judge.

Defendants convicted and appeal.—Affirmed.

Sodomy—Nature of Offense—"Buggery."—The word "sodomy" is
    derived from Sodom, where the crime was prevalent and
    the crime consists in carnal copulation by human beings
    against nature, with penetration, but penetration of the mouth
    is not sufficient to constitute the crime, and consent does
    not affect its criminality, but makes the consenting party
    an accomplice; and buggery is the same offense between
    a man and a beast.

JAMES BREATHITT, Attorney General, and TOM B. Mc-
GREGOR, Assistant Attorney General, for the Commonwealth.

There it no statute defining the offense charged in the indict-
ment. An indictment following the approved and ordinary com-
mon law form for the offense will be good. Robinson's Criminal,
Sec. 503; 22 Am. & Eng. Ency of Law 1, Ed. 880.

It seems to us that this indictment sufficiently charged the
common law offense of sodomy and that the verdict of jury on
the trial below should not have been disturbed.

OPINION OF THE COURT BY CHIEF JUSTICE SETTLE—
Affirming.

The appellees, C. H. Poindexter and Frank Moore,
both negroes, were indicted in the court below for

trial they severally entered a plea of guilty, and the trial jury by the verdict returned found them guilty, and fixed their punishment at confinement in the penitentiary two years each. After the return of the verdict, appellees entered a motion and grounds for a new trial. The principal ground urged for the new trial was that in entering the plea of guilty on the trial they and their counsel labored under a misapprehension of the law, in that he and they believed the acts charged in the indictment, of which they still admitted their guilt, constituted the crime of sodomy, whereas they did not as they were advised after the trial constitute that crime or any other under the law. The circuit court set aside the verdict, and granted appellees a new trial. Thereupon they, by counsel, interposed a demurrer to the indictment, which the court sustained on the ground that the acts charged therein did not constitute sodomy, and dismissed the indictment. From the judgment entered pursuant to that ruling the Commonwealth has appealed.

The acts charged against the appellees are so disgusting that we refrain from copying the indictment in the opinion. They, however, manifest the perpetration between appellees and by each against the other of an offense against nature committed by the insertion of the private part of the one into the mouth of the other and thereby producing an emission. The question for decision is: Did these acts constitute the crime of sodomy? We have in this State a statute which makes sodomy a felony, and prescribes the punishment to be inflicted for its commission, but the statute does not define the crime As it is nevertheless a crime at common law in this

State, we must look to that source to ascertain its constituent elements and meaning. However, the word "sodomy" is derived from the city of Sodom, where the crime against nature had its origin and was universally prevalent until that city was destroyed by the wrath of God.

In 2 Bishop's New Criminal Law, section 1191, it is thus defined: "Sodomy is a carnal copulation by human beings with each other against nature, or with a beast." By many of the common-law writers sodomy is spoken of as "the infamous crime against nature"; the terms "sodomy," "buggery" and "crime against nature" being often used as synonymous. Strictly speaking, however, sodomy is the crime when committed between two human beings, or man and man, while buggery is the same offense committed by a man with a beast. Sodomy in ano is the most common form of the offense between man and man; penetration being necessary to complete the crime. Unlike the crime of rape, the consent of the victim in the crime of sodomy does not remove the criminal element, but simply makes the consenting party an accomplice. 20 Am. & Eng. Ency. of Law (New Ed.) 1146; 2 Bishop's New Criminal Law, section 1193.

After thus considering the derivation and meaning of the word "sodomy," it remains to be seen whether the form of carnal copulation adopted by appellees, viz., penetration of the mouth, constituted sodomy in the meaning of the law. With one accord the authorities hold that it does not. Again referring to Bishop's New Criminal Law, we find in volume 2, section 1194, this statement from the learned author: "A penetration of the mouth is not sodomy." The same conclusion is expressed in 2 Russell on Crimes,

p. 698, Wharton's Crim. Law, section 579, and McClain's Crim. Law, section 1153, and likewise announced in the following cases, in which the question was considered and passed on, viz: Prindle v. State, 31 Tex. Cr. R. 551, 21 S. W. 360, 37 Am. St. Rep. 833; Mitchell v. State, 49 Tex. Cr. R. 535, 95 S. W. 500; People v. Boyle, 116 Cal. 658, 48 Pac. 800; Rex v. Jacobs, Russ. & Ry. 331.   We must confess that we are unable to see why the act with which appellees stand charged is not as much a crime against nature as if done in the manner sodomy is usually committed; but as the only authorities we have been able to discover decide otherwise, we regard it our duty to follow precedent, and for this reason alone we hold that the circuit court properly held the indictment bad, and dismissed it.   It is to be hoped, however, that the Legislature will by proper enactment make such an infamous act as that of which appellees confess themselves guilty a felony and punishable as such.

For the reasons indicated, the judgment is affirmed.