[Criminal No. 316.    Filed October 24, 1912.]

[127 Pac. 724.]

## CHARLES WEAVER, Appellant, v. TERRITORY OF ARIZONA, Respondent.

SODOMY—NATURE AND ELEMENTS.—Under Penal Code of 1901, section 252, providing that any sexual penetration, however slight, is sufficient to complete the crime against nature, the crime cannot be committed by the penetration of the mouth of another person.

APPEAL from a judgment of the District Court of the First Judicial District, in and for the County of Pima. Edward Kent, Judge.    Reversed.

The facts are stated in the opinion.

Mr. Tom K. Richey, for Appellant.

Mr. G. P. Bullard, Attorney General, for Respondent.

ROSS, J.—The defendant was convicted of "the infamous crime against nature." The act relied upon, as the evidence discloses, was committed in the mouth of another person. Our statute (Pen. Code, 1901, sec. 252) is taken word for word from the California Criminal Code, sec. 286. In *People* v. *Boyle,* 116 Cal. 658, 48 Pac. 800, upon a similar state of facts, the court said: "The facts of the case do not make out the

offense of which the defendant has been convicted." *Prindle* v. *State*, 31 Tex. Cr. 551, 37 Am. St. Rep. 833, 21 S. W. 360; *Commonwealth* v. *Poindexter*, 133 Ky. 720, 118 S. W. 943; *Mitchell* v. *State*, 49 Tex. Cr. 535, 95 S. W. 500; 2 Russell on Crimes, p. 698; Wharton's Criminal Law, sec. 1153; 2 Bishop's Criminal Law, sec. 1194.

The trial court in holding that the facts proved constituted the infamous crime against nature relied upon *Honselman* v. *People*, 168 Ill. 172, 48 N. E. 304, and *Means* v. *State*, 125 Wis. 650, 104 N. W. 815, but we think the statutes of Illinois and Wisconsin much more comprehensive than ours.    Indeed, the Wisconsin statute specifically provides that the "crime may be committed by the penetration of the mouth."    Section 4591.

We greatly regret that our statute is not broad enough to cover the facts of this and like cases, and express the hope that our legislature will extend its terms.

The judgment is reversed and defendant ordered discharged.

FRANKLIN, C. J., and CUNNINGHAM, J., concur.