JUAN MUNOZ V. THE STATE.

No. 9986.   Delivered March 10, 1926.

1.—Sodomy—Indictment—Held Insufficient.

Where an indictment charging sodomy sets forth that appellant performed the disgusting, abominable and nauseating act of using his mouth upon the person of one Meyers, such indictment, unfortunately, does not charge any offense under the laws of this State.

**2.—Same—Common Law Offense—Construed.**

However vile and detestable the act may have been, it does not come within the definition of "sodomy" as known to the common law. In the Harvey case, 55 Tex. Crim. Rep. 199; 115 S. W. 1193, Judge Ramsey said in his opinion: "We think some legislation should be enacted covering these unnatural crimes." Following Prindle v. State, 31 Tex. Crim. Rep. 551 and numerous other cases cited.

**3.—Same—Statutory Construction.**

Many legislatures have been in session since the court announced the law, and made the foregoing observation, but the law has not been amended, but has been re-enacted in the same language as originally found, and the construction of the law now seems to have legislative sanction.

**4.—Same—Continued.**

When the Legislature revises the statutes of the State, after a particular statute has been judicially construed, without changing that statute, it is presumed that the legislature intended that the same construction should be applied to that statute; and under the uniform holding of this court in construing the "sodomy" statute, this cause must be reversed. Following Lewis v. State, 58 Tex. Crim. Rep. 351. Also see Black on Interpretation of Law, p. 368; Sutherland on Statutory Construction, p. 336; Kinnan v. Nebraska, 86 Neb. 234; 27 L. R. A. 478 (N. S.)

Appeal from the District Court of Webb County. Tried below before the Hon. J. F. Mullaley, Judge.

Appeal from a conviction of sodomy, penalty five years in the penitentiary.

The opinion states the case.

*Gordon Gibson* and *John S. Morris* of Laredo, for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry Jr.,* Assistant State's Attorney, for the State.

HAWKINS, JUDGE.—Conviction is for sodomy, with punishment fixed at five years in the penitentiary.

The undisputed evidence shows that appellant performed the disgusting, abominable and nauseating act of using his mouth upon the person of one Meyers.

The point is made that, however vile and detestable the act may have been, it does not come within the definition of "sodomy" as known to the common law and adopted by legislative enactment in our State. (Art. 524 P. C. [1925]). Such has been the uniform holding of this court. Prindle v. State, 31 Tex. Cr. R. 551, 21 S. W. 360, 37 Am. St. Rep. 833; Lewis v. State, 36 Tex. Cr. R. 37, 35 S. W. 372, 61 Am. St. Rep. 831; Mitchell v. State, 49 Tex. Cr. R. 535, 95 S. W. 500; Har-

vey v. State, 55 Tex. Cr. R. 199, 115 S. W. 1193.   In the case
last cited and which was decided in 1909, Judge Ramsey said
in his opinion, "We think that some legislation should be
enacted covering these unnatural crimes."   Many legislatures
have been in session since the court announced the law and
made the foregoing observation. The law has not been amended
but instead has been re-enacted in the same language as origi-
nally found.   The law has been construed by the court contrary
to the State's contention and that construction now seems to
have legislative sanction.   "When the Legislature revises the
statutes of the State, after a particular statute has been
judicially construed, without changing that statute, it is pre-
sumed that the Legislature intended that the same construc-
tion should continue to be applied to that statute."   Lewis
v. State, 58 Tex. C. R. 351; Black on Interpretation of Laws,
p. 368; Sutherland on Statutory Construction, p. 336.   Inves-
tigation reveals that in many States where a similar law to
ours on the subject of sodomy had received a like construc-
tion as ours the legislature of those States amended the law
and extended the definition beyond the common law meaning
so it would embrace acts shown in the present case. (See
Kinnan v. Nebraska, 86 Neb. 234, 27 L. R. A. 478 [N. S.]).
There having been no amendment to the statute in this State
we feel constrained to adhere to former construction of it.
   The judgment is reversed and the cause remanded.

*Reversed and remanded.*