**Johnnie PRUETT, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 43193.**

Court of Criminal Appeals of Texas.

Nov. 25, 1970.

Rehearing Denied Jan. 27, 1971.

---

David L. Tisinger, Austin, for appellant.

Byron L. McClellan, Dist. Atty., Gatesville, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

WOODLEY, Presiding Judge.

Appellant pleaded *nolo contendere* in the District Court of Coryell County to an indictment returned in said court charging him with the offense of sodomy in that with his penis he penetrated the anus or fundament of the named human being for the purpose of having carnal copulation with him.

The record reflects that appellant was over 17 years of age at the time of the offense and that he confessed that he committed the offense, after the victim had refused to consent, by striking him in the face with his fist and making him submit.

The record further reflects that both appellant and his victim were students at the Gatesville School for boys, in Coryell County, Texas, where the offense was committed on the night of April 11, 1969.

Appellant waived his right to a jury trial and entered a plea of nolo contendere. After hearing the evidence the court found him guilty and assessed his punishment.

Sentence was pronounced on September 3, 1969, and notice of appeal was given.

We find no merit in the contention, raised by three grounds of error, that the District Court of Coryell County, Texas, was without jurisdiction because the appellant, who was 18 years of age when the offense was committed in Coryell County, Texas, had been adjudged to be a juvenile delinquent and committed to the Texas Youth Council when he was 15 years of age and jurisdiction had not been waived by the juvenile court, and no hearing had been held under Art. 2338–1, Secs. 5 and 6, Vernon's Ann.Civ.St.

The District Court of the county in which an 18 year old male commits an offense of the grade of felony has jurisdiction to try said 18 year old defendant upon an indictment returned in said county, without regard to whether he is in custody or whether he has been adjudged to be a juvenile delinquent and committed to the Texas Youth Council.

The serious question facing this court in this and other appeals from convictions for the offense of sodomy arises by reason of the opinion in Buchanan et al. v. Batchelor,

Chief of Police, City of Dallas, et al., D.C., 308 F.Supp. 729, which involves the constitutionality of Art. 524 Vernon's Ann.P.C. defining the offense of sodomy.

Buchanan, a confessed homosexual, had twice been arrested and charged for acts of sodomy with another male in public rest rooms in Dallas.

Gibson and his wife, who intervened, claimed that they feared future prosecution because of acts of sodomy committed in private.

The three-judge court overruled the contention that as a matter of comity it should abstain from deciding whether or not the Texas Statute (Art. 524 V.A.P.C.) is unconstitutional until the Texas Courts had an opportunity to construe the statute and rule on its constitutionality, stating as reason: "first, because there is no prospect of the immediate availability of a state forum where the questions raised here could be litigated which is particularly significant given the operation of an alleged overbroad statute on First Amendment rights, Dombrowski v. Pfister, 380 U.S. 479, 85 S.Ct. 1116, 14 L.Ed.2d 22 (1965), Zwickler v. Koota, 389 U.S. 241, 88 S.Ct. 391, 19 L.Ed.2d 444 (1967), compare, Douglas v. City of Jeannette, 319 U.S. 157, 63 S.Ct. 877, 87 L.Ed. 1324 (1943), and Cotner v. Henry, 7 Cir., 394 F.2d 873 (1968), and, second, because there exists in Article 524 no question of statutory interpretation for which the courts of this State would be of assistance in resolving."

We are not concerned, and there is no need for concern regarding that portion of the opinion in which the three-judge court concluded that Article 524 is void on its face for unconstitutional overbreadth insofar as it reaches the private, consensual acts of married couples and that the Gibsons were entitled to a declaratory judg-

ment to this effect and injunctive relief against future enforcement against them.

The holding and conclusion of the three-judge court which is cause for alarm is that, based upon the fact that it reaches the private consensual acts of married couples, Art. 524 is void on its face for unconstitutional overbreadth, and that District Attorney Wade is permanently enjoined from future enforcement of said Article.

There are cases which say that it is *conceivable* that a husband and wife could be convicted of sodomy even though the proof established consent,[1] and that it is the unnatural and prohibited ways of satisfying sexual desires that the statute is designed to prevent. "Thus husband and wife, if violating this statute, could undoubtedly be punished, whereas the normal sexual act would not only be legal but perhaps entirely proper."[2]

The fact that no case has been found where a husband or wife was convicted for the offense of sodomy for a private consensual act between the spouses may well be due to the circumstances which make such a conviction no more than "conceivable."

If the acts of sodomy are actually in private there will be no witnesses to testify. If the acts are consensual, neither spouse would be competent to testify against the other by reason of their relationship as husband and wife.[3]

Even if one spouse could testify, the consenting parties to acts of sodomy are equally guilty and their testimony as witnesses for the state would require corroboration.

We do not agree that Art. 524 V.A.P.C. is unconstitutional and, with due respect, decline to follow the decision of the three-judge court in Buchanan v. Batchelor, supra, for several reasons.

1. State v. Schmit, 273 Minn. 78, 139 N.W. 2d 800.

2. State v. Nelson (Minn.) 271 N.W. 114, 118.

3. Art. 38.11 Vernon's Ann. C.C.P.

First: The decision of the three-judge court is not final. Direct appeal is pending in the Supreme Court of the United States in Cause No. 289, styled Henry Wade, et al. v. Alvin Leon Buchanan, et al. Also, Cause No. 290, O.T.1969, styled Buchanan and Strickland v. Wade, is still pending before the Supreme Court.[4]

Second: There is recent authority to support the view that state courts are not bound by rulings of lower federal courts on Federal Constitutional questions, both state and federal courts being of parallel importance in deciding such questions, and both answer to the Supreme Court on direct review. United States ex rel. Lawrence v. Woods, 7th Circuit Court of Appeals, 432 F.2d 1072, decided October 19, 1970.

Third: The question of whether the sodomy statute may be invoked against married couples for private consenual acts has never been presented to this court in an appeal from such a conviction.

Statutes of this state have been attacked as unconstitutional by reason of their application and administration. Typical are cases concerning the Texas Recidivist Statute (Art. 63 P.C.) which reads:

"Whoever shall have been three times convicted of a felony less than capital shall on such third conviction be imprisoned for life in the penitentiary."

Standing alone, this statute would appear to fix a definite punishment for a third conviction for any felony, without regard to whether the prior convictions were alleged in the indictment and without regard to the time of the prior convictions or either of them, so long as they were prior to the offense alleged in the indictment.

In answering the contention that Art. 63 P.C. is unconstitutional in that it is not uniformly applied and administered we said:

"The fact that a law may not be invoked against others could not in anywise affect its constitutionality because invoked against relator. As written, it is capable of uniform enforcement."[5]

Construed by this court as reformatory in nature, and applicable only where the indictment alleges and the proof shows two prior convictions for a felony less than capital, one a subsequent conviction for an offense committed after the first had become final, Art. 63 P.C. has been upheld as constitutional in many cases.[6]

Fourth: We cannot agree to the extension of the "area of protected freedoms and the zone of privacy" applied to the statute forbidding the use of contraceptives and "the relationship lying within the zone of privacy created by the relationship of marriage," about which the Supreme Court, in holding such birth control statute unnecessarily broad and therefore unconstitutional, said in Griswold v. Connecticut:[7]

"We deal with a right of privacy older then the Bill of Rights—older than our political parties, older than our school system. Marriage is a coming together for better or for worse, hopefully enduring, and intimate to the degree of being sacred. It is an association that promotes a way of life, not

---

4. The notation in 8 Cr.L. 4011 that review was denied in Buchanan v. Wade has been found to be incorrect.

5. Ex parte Boman, 160 Tex.Cr.R. 148, 268 S.W.2d 186; Ex parte Breen, 171 Tex. Cr.R. 669, 353 S.W.2d 233.

6. Beasley v. State, Tex.Cr.App., 389 S.W. 2d 299, cert. denied, 382 U.S. 990, 86 S.Ct. 566, 15 L.Ed.2d 477; Capuchino v. State, Tex.Cr.App., 389 S.W.2d 296, cert. denied, 386 U.S. 928; 87 S.Ct. 869, 17 L.Ed.2d 800, reh. denied, 386 U.S. 987, 87 S.Ct. 1289, 18 L.Ed.2d 241; Mackie v. State, Tex.Cr.App., 367 S.W. 2d 697. See also Spencer v. State, Tex. Cr.App., 389 S.W.2d 304, affirmed 385 U.S. 554, 87 S.Ct. 648, 17 L.Ed.2d 606, dealing with Art. 64 P.C.

7. 381 U.S. 479, 85 S.Ct. 1678, 14 L.Ed.2d 510.

causes; a harmony in living, not political faiths; a bilateral loyalty, not commercial or social projects. Yet it is an association for as noble a purpose as any involved in our prior decisions."

To extend the protection of this right of privacy to destroy the sodomy statute, when successful prosecution of private consensual acts of sodomy are at most only "conceivable" is not, in our view, consistent with the description of the marriage relationship and right of privacy described by Mr. Justice Douglas, above quoted.

Griswold v. Connecticut, supra, dealt with a birth control statute that was "every bit as offensive" to the dissenting Justice as it was to the other Justices of the Supreme Court.

In Buchanan et al. v. Batchelor, supra, the three-judge court was dealing with a statute which relates to "abominable and detestable crimes against nature committed with mankind or beast," the offense, not the statute providing a punishment therefor, being offensive.

A review of the decisions of this court relating to the offense of sodomy at common law and under the statutes of this state since 1860, reflects that they are in harmony with our conclusion and demonstrate that Art. 524 P.C., 1925, as it existed from its adoption in 1860 until amended in 1943, and the statute as amended, is neither offensive nor void.

Art. 524 V.A.P.C. (Acts 1860, p. 97, as amended 1943, Acts 48th Leg., p. 194, Ch. 112, Sec. 1) provides:

"Whoever has carnal copulation with a beast, or in an opening of the body, except sexual parts, with another human being, or whoever shall use his mouth on the sexual parts of another human being for the purpose of having carnal copulation, or who shall voluntarily permit the use of his own sexual parts in a lewd or lascivious manner by any minor, shall be guilty of sodomy, and upon conviction thereof shall be deemed guilty of a felony, and shall be confined in the penitentiary not less than two (2) nor more than fifteen (15) years."

Prior to the amendatory act of 1943 sodomy was only generally defined and the courts were required to look to the common law for the elements of the crime.

From the adoption of the statute in 1860 until the effective date of the 1943 amendment of Art. 524 of the 1925 Penal Code, it provided:

"Whoever commits with mankind or beast the abominable and detestable crime against nature shall be confined in the penitentiary for not less than five nor more than fifteen years."

In its broadest meaning, sodomy is the carnal copulation by human beings with each other against nature, or with a beast, in which sense it includes the crime against nature, bestiality (copulation between a human being and a brute of the opposite sex); buggery (carnal copulation of a man with beast); cunnilingus (the sex perversion committed with the mouth and the female sexual organ); and fellatio (an offense committed with the male organ and the mouth). In its narrower sense, sodomy is the carnal copulation between two human beings per anus, or by a human being in any manner with a beast. 81 C.J.S. Sodomy § 1(a), 367.

Though earlier held that sodomy was not punishable because not defined,[8] since the cases of Ex parte Bergen, 14 Tex.App. 52, and Cross v. State, 17 Tex.App. 476, were decided by the Court of Appeals, the statute as it existed prior to the 1943 amendment has been upheld, "sodomy" being an offense eo nomine with punishment affixed thereto.[9]

---

8. Fennell v. State, 32 Tex. 378; Frazier v. State, 39 Tex. 390.

9. The 1925 statute was among those which were held not repealed, though inad-

Under the decisions of this court construing the sodomy statute prior to the 1943 amendment "sodomy" did not include either "cunnilingus" or "fellatio"; that is copulation in the mouth or using the mouth on the person of another was not sodomy. Prindle v. State, 31 Tex.Cr.R. 551, 21 S.W. 360; Lewis v. State, 36 Tex.Cr.R. 37, 35 S.W. 372; Munoz v. State, 103 Tex.Cr.R. 439, 281 S.W. 857; Harvey v. State, 55 Tex.Cr.R. 199, 115 S.W. 1193.

Art. 524 P.C. as amended in 1943, adding provisions relating to the use of the mouth, was the basis of an attack upon the constitutionality of the present statute in Furstonburg v. State, 148 Tex.Cr.R. 638, 190 S.W.2d 362, and in Slusser v. State, 155 Tex.Cr.R. 160, 232 S.W.2d 727.

In Furstonburg v. State, supra, it was pointed out that the 1943 amendment of Art. 524 was evidently called for by reason of the holding of this court in the above cited cases, and others, that sodomy between two human beings could only be accomplished through the anus and not through the mouth. In overruling the contention that the statute as amended was so vague and indefinite as to be inoperative, the court speaking through Judge Graves, said:

"Appellant was charged with an unnatural connection with a young girl through the utilization of her mouth, and we think this amended statute was framed with, among other things, a contemplation of such a crime against nature."

In Slusser v. State, 155 Tex.Cr.R. 160, 232 S.W.2d 727, the attack was upon the portion of the statute as amended which provides that sodomy may be committed by voluntarily permitting the use of one's own sexual parts in a lewd or lascivious manner by any minor.

In upholding the statute as. amended, we said in Slusser v. State:

"Prior to the amendment of Art. 524, P.C., by Acts of the 48th Leg., Ch. 112, the crime of sodomy was not defined, except as 'the abominable and detestable crime against nature.'

"A punishment was provided by the statute for any person who committed such crime of sodomy 'with mankind or beast.'

"In construing such statute, resort was had to the elements of the offense of sodomy at common law, and convictions under the statute were upheld where the facts alleged and proved constituted sodomy at common law. See Cross v. State, 17 Tex.App. 476; Ex parte Bergen, 14 Tex.App. 52.

"On the other hand acts of lust, though including the elements of carnal copulation, were held insufficient to constitute the offense, unless such acts constituted sodomy as known to the common law. See Prindle v. State, 31 Tex.Cr.R. 551, 21 S.W. 360, 37 Am.St.Rep. 833; Mitchell v. State, 49 Tex.Cr.R. 535, 95 S.W. 500; Harvey v. State, 55 Tex.Cr.R. 199, 115 S.W. 1193; Munoz v. State, 103 Tex.Cr. R. 439, 281 S.W. 857.

"Upon the taking effect of the amendment, Art. 524, Vernon's Ann.P.C., the offense of sodomy was for the first time fully defined by statute, the elements of the offense including in addition to the elements of sodomy as known to the common law, other acts of carnal copulation and declaring any person 'who shall voluntarily permit the use of his own sexual parts in a lewd or lascivious manner by

vertently omitted from the enrolled bill containing the Revised Penal Code of 1925, and might well have been included in the statement of Judge Christian in Ex parte Copeland, Tex.Cr.App., 91 S.W. 2d 700: "To impute to the Legislature the intent to repeal the statutes defining incest, bigamy, seduction, adultery, and fornication is to lay at its door the charge of ignoring the moral sense of the people of this state and striking down some of the strongest safeguards of the home. That such was not the legislative intent is apparent from the enrolled bill."

any minor,' to be likewise guilty of sodomy.

"The latter provision departs entirely from the definition and essential elements of sodomy at common law 'carnal copulation' not being an absolute requirement.

"The legislature had the authority to declare the doing of certain acts to constitute the offense of sodomy, and to ignore, if they saw fit, the common law elements of the offense. See Wharton's Criminal Law, Vol. 1, Sec. 758, citing State v. Vicknair, 52 La.Ann.1921, 28 So. 273."

We hold that Art. 524 V.A.P.C. is constitutional and the conviction upon the facts alleged and proved in the case at bar is valid.

The judgment is affirmed.